# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

---------------------------------------------------------------------X

KEVIN ABBOTT; LESLIE ADAMS; RICKY
ADAMSON; NATHANIEL AILSWORTH; JAMES
ALEXANDER; JULIE ALGER; ROBERT ALLEN;
DAVID ANDERSON; THOMAS ANDERSON; THOMAS
ANDERSON; ALAN ANDREW; ERIC ASKREN;
LORYNDA ATKINS; GLEN AVERITTE; RICHARD
BAKER; JUSTIN BAKSH; DANIEL BARBER;
EDWARD BARNETT; MICHAEL BARTON; THOMAS
BELL; RUBEN BELTRAN; ARTHUR BENITEZ; HELEN
BENNETT; TODD BENSON; JEFFREY BILSKI; GARY
BLAKE; JOHN BORRERO; NIKOLAOS P.
BOUBOULIS; STACY BOYD; STEVEN BRENNER; B R
BREWSTER; MICHELE M. BRIDGEWATER;
MICHAEL BROOKER; EDDIE BROOKS III; RANDALL
BROOKSHER; GEORGE BRUSER; MERRI BULGIER-
BRIGHT; DAVE BUNTEMEYER; MICHAEL BURNS;
CHRIS CAHILL; CHRISTOPHER CAMPBELL; JAKE
CARLOS; REGGIE CARREKER; LISA CARRILLO;
DENNIS CARROLL; RONNIE CAVER; FRANCISCO
CEDILLO; THOMAS CEPEDA; KEITH CHATMAN;
AVERY CHESTER; REJENE CLARIETTE; GEORGE
CLARKE; QUIN CLAY-MOORE; JAMES COLLINS;
JEFFREY COOK; ANGELICA COURTNEY, AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF
GREGORY COURTNEY, AND ANGELICA
COURTNEY INDIVIDUALLY; C.C. COX JR; TREY
CRAM; TRENTON CROCKETT; SHELIA
DANGERFIELD; ERVIE DAVIS JR.; QURIENO DE
GUCHY; ANTHONY DEANGELIS; VALERIE DEMUS;
CHRISTOPHER DICK; JACK DOYLE; RICHARD
DRISCOLL; ROBERT EDER; ARTHUR EDWARDS;
COLINDA EDWARDS; JAMES EDWARDS; MICHAEL
EDWARDS; JEFFREY EGGERS; ROOSEVELT ELLIS;
CHARLES ENGEL; BRIAN ENGMAN; ROBERT
ESHBAUGH; MARIO FELIX; MICHAEL FENNELL;
CHRISTOPHER FIELDS; WILLIAM FIELDS; EDWARD
FITZGERALD; SEAN FITZGERALD; PAUL FLEMMER;
JAMES FLOOD; ROBERT FOWLER; JHUNEIA FROST;

Index No. _____/2021

**SUMMONS**

Venue is designated pursuant to
CPLR § 503(a) & (c) in that
NEW YORK in this county.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

JEFFREY KENT FULLER; DAVID GALLAGHER;
DALE GARRISON,

       *Plaintiff,*

-*against* -

THE 3M COMPANY, f/k/a Minnesota Mining and
Manufacturing Co., AGC CHEMICALS AMERICAS INC.,
AMEREX CORPORATION, ARKEMA INC.,
ARCHROMA U.S. INC., BASF CORPORATION,
individually and as successor in interest to Ciba Inc.,
BUCKEYE FIRE EQUIPMENT COMPANY, CARRIER
GLOBAL CORPORATION, CHEMDESIGN PRODUCTS
INC., CHEMGUARD INC. CHEMICALS, INC.,
CLARIANT CORPORATION, individually and as
successor in interest to Sandoz Chemical Corporation,
CORTEVA, INC., individually and as successor in interest
to DuPont Chemical Solutions Enterprise, DEEPWATER
CHEMICALS, INC., DUPONT DE NEMOURS INC.,
individually and as successor in interest to DuPont
Chemical Solutions Enterprise, DYNAX CORPORATION,
E. I. DUPONT DE NEMOURS AND COMPANY,
individually and as successor in interest to DuPont
Chemical Solutions Enterprise, KIDDE-FENWAL, INC.,
individually and as successor in interest to Kidde Fire
Fighting, Inc., NATION FORD CHEMICAL COMPANY,
NATIONAL FOAM, INC., THE CHEMOURS
COMPANY, individually and as successor in interest to
DuPont Chemical Solutions Enterprise, THE CHEMOURS
COMPANY FC, LLC, individually and as successor in
interest to DuPont Chemical Solutions Enterprise, and
TYCO FIRE PRODUCTS, LP, individually and as
successor in interest to The Ansul Company, and DOE
DEFENDANTS 1-20, fictitious names whose present
identities are unknown,

       *Defendants.*
-----------------------------------------------------------------------X

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

To the above-named Defendant:

You are hereby summoned to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiffs' attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
        October 21, 2021

Napoli Shkolnik, PLLC
*Attorneys for Plaintiff*

*/s/ Patrick J. Lanciotti*
Patrick J. Lanciotti, Esq.
360 Lexington Avenue, 11th Floor
New York, New York   10017
212-397-1000
PLanciotti@napolilaw.com

To:

3M COMPANY
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, New Castle, DE 19808

AGC CHEMICALS AMERICAS INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

AMEREX CORPORATION
c/o James M. Proctor II
2900 Highway 280
Suite 300
Birmingham, AL 35223

ARCHROMA U.S. INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

ARKEMA INC.
900 First Avenue
King of Prussia, PA 19406

BASF CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

BUCKEYE FIRE EQUIPMENT COMPANY
c/o A Haon Corporate Agent, Inc.
29225 Chagrin Blvd, Suite 350
Pepper Pike, OH 44122

CARRIER GLOBAL CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CHEMDESIGN PRODUCTS INC.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, New Castle, DE, 19808

CHEMGUARD INC.
c/o The Prentice-Hall Corporation System, Inc.
251 Little Falls Drive
Wilmington, New Castle, DE, 19808

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CHEMICALS, INC.
c/o Ashok K. Moza
12321 Hatcherville
Baytown, TX 77520

CLARIANT CORPORATION
c/o Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

CORTEVA, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DEEPWATER CHEMICALS, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DUPONT DE NEMOURS INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DYNAX CORPORATION
c/o Corporate Systems LLC
3500 S. Dupont Highway
Dover, DE 19901

E. I. DUPONT DE NEMOURS AND COMPANY
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

KIDDE-FENWAL, INC.
c/o The Corporation Trust Company

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

NATION FORD CHEMICAL COMPANY
c/o John A. Dickson, IV
2300 Bank Street
Fort Mill, SC 29715

NATIONAL FOAM, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

THE CHEMOURS COMPANY
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

THE CHEMOURS COMPANY FC, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

TYCO FIRE PRODUCTS LP
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

KEVIN ABBOTT; LESLIE ADAMS; RICKY ADAMSON;
NATHANIEL AILSWORTH; JAMES ALEXANDER;
JULIE ALGER; ROBERT ALLEN; DAVID ANDERSON;
THOMAS ANDERSON; THOMAS ANDERSON; ALAN
ANDREW; ERIC ASKREN; LORYNDA ATKINS; GLEN
AVERITTE; RICHARD BAKER; JUSTIN BAKSH;
DANIEL BARBER; EDWARD BARNETT; MICHAEL
BARTON; THOMAS BELL; RUBEN BELTRAN;
ARTHUR BENITEZ; HELEN BENNETT; TODD
BENSON; JEFFREY BILSKI; GARY BLAKE; JOHN
BORRERO; NIKOLAOS P. BOUBOULIS; STACY BOYD;
STEVEN BRENNER; B R BREWSTER; MICHELE M.
BRIDGEWATER; MICHAEL BROOKER; EDDIE
BROOKS III; RANDALL BROOKSHER; GEORGE
BRUSER; MERRI BULGIER-BRIGHT; DAVE
BUNTEMEYER; MICHAEL BURNS; CHRIS CAHILL;
CHRISTOPHER CAMPBELL; JAKE CARLOS; REGGIE
CARREKER; LISA CARRILLO; DENNIS CARROLL;
RONNIE CAVER; FRANCISCO CEDILLO; THOMAS
CEPEDA; KEITH CHATMAN; AVERY CHESTER;
REJENE CLARIETTE; GEORGE CLARKE; QUIN CLAY-
MOORE; JAMES COLLINS; JEFFREY COOK;
ANGELICA COURTNEY, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF GREGORY
COURTNEY, AND ANGELICA COURTNEY
INDIVIDUALLY; C.C. COX JR; TREY CRAM;
TRENTON CROCKETT; SHELIA DANGERFIELD;
ERVIE DAVIS JR.; QURIENO DE GUCHY; ANTHONY
DEANGELIS; VALERIE DEMUS; CHRISTOPHER DICK;
JACK DOYLE; RICHARD DRISCOLL; ROBERT EDER;
ARTHUR EDWARDS; COLINDA EDWARDS; JAMES
EDWARDS; MICHAEL EDWARDS; JEFFREY EGGERS;
ROOSEVELT ELLIS; CHARLES ENGEL; BRIAN
ENGMAN; ROBERT ESHBAUGH; MARIO FELIX;
MICHAEL FENNELL; CHRISTOPHER FIELDS;
WILLIAM FIELDS; EDWARD FITZGERALD; SEAN

Index No. _____/2021

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Trial by jury is desired in the
County of New York

Venue is designated pursuant to
CPLR § 503(a) & (c) in that the
causes of action occurred in this
county.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

FITZGERALD; PAUL FLEMMER; JAMES FLOOD;
ROBERT FOWLER; JHUNEIA FROST; JEFFREY KENT
FULLER; DAVID GALLAGHER; DALE GARRISON,

     *Plaintiffs,*

*-vs -*

THE 3M COMPANY, f/k/a Minnesota Mining and
Manufacturing Co., AGC CHEMICALS AMERICAS INC.,
AMEREX CORPORATION, ARKEMA INC.,
ARCHROMA MANAGEMENT LLC, BASF
CORPORATION, individually and as successor in interest to
Ciba Inc., BUCKEYE FIRE EQUIPMENT COMPANY,
CARRIER GLOBAL CORPORATION, CHEMDESIGN
PRODUCTS INC., CHEMGUARD INC. CHEMICALS,
INC., CLARIANT CORPORATION, individually and as
successor in interest to Sandoz Chemical Corporation,
CORTEVA, INC., individually and as successor in interest to
DuPont Chemical Solutions Enterprise, DEEPWATER
CHEMICALS, INC., DUPONT DE NEMOURS INC.,
individually and as successor in interest to DuPont Chemical
Solutions Enterprise, DYNAX CORPORATION, E. I.
DUPONT DE NEMOURS AND COMPANY, individually
and as successor in interest to DuPont Chemical Solutions
Enterprise, KIDDE-FENWAL, INC., individually and as
successor in interest to Kidde Fire Fighting, Inc., NATION
FORD CHEMICAL COMPANY, NATIONAL FOAM,
INC., THE CHEMOURS COMPANY, individually and as
successor in interest to DuPont Chemical Solutions
Enterprise, THE CHEMOURS COMPANY FC, LLC,
individually and as successor in interest to DuPont Chemical
Solutions Enterprise, and TYCO FIRE PRODUCTS, LP,
individually and as successor in interest to The Ansul
Company, and DOE DEFENDANTS 1-20, fictitious names
whose present identities are unknown,

     *Defendants.*

2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs KEVIN ABBOTT; LESLIE ADAMS; RICKY ADAMSON; NATHANIEL AILSWORTH; JAMES ALEXANDER; JULIE ALGER; ROBERT ALLEN; DAVID ANDERSON; THOMAS ANDERSON; THOMAS ANDERSON; ALAN ANDREW; ERIC ASKREN; LORYNDA ATKINS; GLEN AVERITTE; RICHARD BAKER BAKER; JUSTIN BAKSH; DANIEL BARBER; EDWARD BARNETT; MICHAEL BARTON; THOMAS BELL; RUBEN BELTRAN; ARTHUR BENITEZ; HELEN BENNETT; TODD BENSON; JEFFREY BILSKI; GARY BLAKE; JOHN BORRERO; NIKOLAOS P. BOUBOULIS; STACY BOYD; STEVEN BRENNER; B R BREWSTER; MICHELE M. BRIDGEWATER; MICHAEL BROOKER; EDDIE BROOKS III; RANDALL BROOKSHER; GEORGE BRUSER; MERRI BULGIER-BRIGHT; DAVE BUNTEMEYER; MICHAEL BURNS; CHRIS CAHILL; CHRISTOPHER CAMPBELL; JAKE CARLOS; REGGIE CARREKER; LISA CARRILLO; DENNIS CARROLL; RONNIE CAVER; FRANCISCO CEDILLO; THOMAS CEPEDA; KEITH CHATMAN; AVERY CHESTER; REJENE CLARIETTE; GEORGE CLARKE; QUIN CLAY-MOORE; JAMES COLLINS; JEFFREY COOK; ANGELICA COURTNEY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GREGORY COURTNEY, AND ANGELICA COURTNEY INDIVIDUALLY; C.C. COX JR; TREY CRAM; TRENTON CROCKETT; SHELIA DANGERFIELD; ERVIE DAVIS JR.; QURIENO DE GUCHY; ANTHONY DEANGELIS; VALERIE DEMUS; CHRISTOPHER DICK; JACK DOYLE; RICHARD DRISCOLL; ROBERT EDER; ARTHUR EDWARDS; COLINDA EDWARDS; JAMES EDWARDS; MICHAEL EDWARDS; JEFFREY EGGERS; ROOSEVELT ELLIS; CHARLES ENGEL; BRIAN ENGMAN; ROBERT ESHBAUGH; MARIO FELIX; MICHAEL FENNELL; CHRISTOPHER FIELDS; WILLIAM FIELDS; EDWARD FITZGERALD; SEAN FITZGERALD; PAUL FLEMMER; JAMES FLOOD; ROBERT FOWLER; JHUNEIA FROST;

3

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

JEFFREY KENT FULLER; DAVID GALLAGHER; DALE GARRISON, ("Plaintiffs"), by and through the undersigned counsel, hereby files this Complaint against Defendants, 3M COMPANY, f/k/a Minnesota Mining and Manufacturing Co., AGC CHEMICALS AMERICAS INC., AMEREX CORPORATION, ARKEMA INC., ARCHROMA MANAGEMENT LLC, BASF CORPORATION, BUCKEYE FIRE EQUIPMENT COMPANY, CARRIER GLOBAL CORPORATION, CHEMDESIGN PRODUCTS INC., CHEMGUARD INC., CHEMICALS, INC., CLARIANT CORPORATION, CORTEVA, INC., DEEPWATER CHEMICALS, INC., DUPONT DE NEMOURS INC., DYNAX CORPORATION, E. I. DUPONT DE NEMOURS AND COMPANY, KIDDE-FENWAL, INC., NATION FORD CHEMICAL COMPANY, NATIONAL FOAM, INC., THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, and TYCO FIRE PRODUCTS, LP, and DOE DEFENDANTS 1-20, fictitious names whose present identifies are unknown  (collectively "Defendants") and alleges, upon information and belief, as follows:

## **INTRODUCTION**

1.      This action arises from the foreseeable contamination of groundwater by the use of aqueous film-forming foam ("AFFF") products that contained per- and poly-fluoroalkyl substances ("PFAS"), including perfluorooctane sulfonate ("PFOS") and perfluorooctanoic acid ("PFOA").

2.      PFOS and PFOA are fluorosurfactants that repel oil, grease, and water. PFOS, PFOA, and/or their chemical precursors, are or were components of AFFF products, which are firefighting suppressant agents used in training and firefighting activities for fighting Class B fires. Class B fires include fires involving hydrocarbon fuels such as petroleum or other flammable liquids.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

3.      PFOS and PFOA are mobile, persist indefinitely in the environment, bioaccumulate in individual organisms and humans, and biomagnify up the food chain. PFOS and PFOA are also associated with multiple and significant adverse health effects in humans, including but not limited to kidney cancer, testicular cancer, high cholesterol, thyroid disease, ulcerative colitis, and pregnancy-induced hypertension.

4.      At various times from the 1960s through today, Defendants designed, manufactured, marketed, distributed, and/or sold AFFF products containing PFOS, PFOA, and/or their chemical precursors, and/or designed, manufactured, marketed, distributed, and/or sold the fluorosurfactants and/or perfluorinated chemicals ("PFCs") contained in AFFF (collectively, "AFFF/Component Products").

5.      Defendants designed, manufactured, marketed, distributed, and/or sold AFFF/Component Products with the knowledge that these toxic compounds would be released into the environment during fire protection, training, and response activities, even when used as directed and intended by Defendants.

6.      Since its creation in the 1960s, AFFF designed, manufactured, marketed, distributed, and/or sold by Defendants, and/or that contained fluorosurfactants and/or PFCs designed, manufactured, marketed, distributed, and/or sold by Defendants, used as directed and intended by Defendants, and subsequently released into the environment during fire protection, training, and response activities, resulting in widespread PFAS contamination.

7.      Due to this contamination, Plaintiffs have suffered real personal injuries, bioaccumulation of PFAS in their bodies, property damage and the diminution in value of their properties as a result of the release of PFAS to their water supplies.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

Case 1:21-cv-10412-JPC   Document 4-1   Filed 12/07/21   Page 13 of 95

8.      Plaintiffs have suffered an assortment of diseases and medical conditions as a direct result of their exposure to the PFAS contamination of their water supply.

9.      Plaintiffs, as residents and those who visited, worked, or otherwise dwelled in the Site area, have been unknowingly exposed for many years to PFAS, including at concentrations hazardous to their health.

10.     Plaintiffs' unwitting exposure to PFAS in their water supply as a result of the Defendants' conduct, is the direct and proximate cause of Plaintiffs' injuries.

11.     Plaintiffs' property has been damaged as a result of the presence of the PFAS in their water supply.

12.     Plaintiffs seek recovery from Defendants for injuries, damages, and losses suffered by the Plaintiffs as a result of exposure to the introduction of PFAS and other toxic substance into their water supply, and then into their properties and bodies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) because the parties are diverse and the amount in controversy exceeds $75,000.

14.     This Court has jurisdiction because Defendant Dynax Corporation's principal place of business is located at 103 Fairview Park Drive, Elmsford, New York 10523.

15.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the events, omissions and harms that are the basis of Plaintiffs claims occurred in substantial party in this District.

16.     This Court has personal jurisdiction over Defendants by virtue of each Defendants' regular and systematic contacts with New York, including, among other things, purposefully marketing, selling and/or distributing their AFFF/Component Products to and within New York,

6

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

and because they have the requisite minimum contacts with New York necessary to constitutionally permit the Court to exercise jurisdiction over them consistent with traditional notions of fair play and substantial justice.

## PARTIES

### A.      Plaintiff

17.      Plaintiff Kevin Abbott resides at 900 Oakview Court, Mt Zion, IL 62549. Plaintiff was formerly stationed at Camp Pendleton Camp Pendleton CA; NAS Kelflavik, NAS Kelflavik, Iceland; San Diego Training Depot 38990 Midway Ave San Diego CA (hereinafter the "Site") from 1986 to 1992 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Kevin Abbott's exposure, Plaintiff has been diagnosed with Testicular Cancer.

18.      Plaintiff Leslie Adams resides at 221 Jewell Ct, Mt Airy, NC 27030. Plaintiff was formerly stationed at Fitzsimons Army Medical Center 13001 E 17th Pl Aurora --; Great Lakes Naval Station 3355 Illinois St North Chicago IL; Guantanamo Bay; Naval Base Millington 7698 Hornet Ave Millington TN; Naval Medical Center Camp Lejeune 100 Brewster Blvd Camp Lejeune NC; Naval Port Hueneme 4363 Missile Way Port Hueneme CA; Norfolk Naval Base 1530 Gilbert ST Norfolk VA (hereinafter the "Site") from 1985 to 2005 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Leslie Adams's exposure, Plaintiff has been diagnosed with Cancer, High Blood Pressure, Lung Cancer.

19.     Plaintiff Ricky Adamson resides at 2649 Christine Rd., Columbia, KY 42728. Plaintiff was formerly stationed at El Centro CA; Fatima, Japan; MCAS Futenma Ginowan, 901-2223 Okinawa --; Naval Air Facility El Centro 2024 Bennett Rd El Centro CA; Travis AFB; Travis AFB 690 Airmen Drive Travis AFB CA (hereinafter the "Site") from 1982 to 1985 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Ricky Adamson's exposure, Plaintiff has been diagnosed with Kidney Cancer.

20.     Plaintiff Nathaniel Ailsworth resides at 39750 Fairview Ct., Murrieta, CA 92563. Plaintiff was formerly stationed at Ferris Command CA; NAS Coronado -- San Diego CA; NAS North Island CA; Naval Base Coronado CA; Philippines; USS Consolation -- San Diego CA; USS Constellation -- San Diego CA; USS Holland ; USS Holland, Guam (hereinafter the "Site") from 1979 to 1996 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Nathaniel Ailsworth's exposure, Plaintiff has been diagnosed with Non-Hodgkins Lymphoma.

21.     Plaintiff James Alexander resides at 865 5th St NE, Paris, TX 75460. Plaintiff was formerly stationed at Alameda NB Alameda CA; NAS 2853 Langley Boulevard Oak Harbor WA;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

NTC 3455 Senn Rd. San Diego CA (hereinafter the "Site") from 1971 to 1976 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff James Alexander's exposure, Plaintiff has been diagnosed with Prostate Cancer.

22.     Plaintiff Julie Alger resides at 1070 Pelican Lake, Las Vegas, NV 89123. Plaintiff was formerly stationed at 3000 S Douglas Blvd Tinker AFB OK; 690 Airmen Dr Travis AFB CA; Naval Air Station Alameda Alameda CA (hereinafter the "Site") from 1990 to 2007 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Julie Alger's exposure, Plaintiff has been diagnosed with Carcinoid Tumor, Hypothyroidism, Lung Cancer, Thyroid Abnormality.

23.     Plaintiff Robert Allen resides at 2044 W Olney Ave, Phoenix, AZ 85041. Plaintiff was formerly stationed at 29 Palms 1526 7th Street; MCAGCC Twentynine Palms CA; Camp Lejeune 84 Holcomb Blvd.; Marine and Family Programs Camp Lejeune NC (hereinafter the "Site") from 1982 to 1983 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

direct and proximate result of Plaintiff Robert Allen's exposure, Plaintiff has been diagnosed with Ulcerative Colitis.

24.     Plaintiff David Anderson resides at 2370 Danbury Dr, Clarksville, TN 37042. Plaintiff was formerly stationed at 2073 Danbury Dr. Clarksville TN; 2083A Rishel Dr Fort Campbell KY; 5200 Duce Rd. Avoca MI; 7139 Elk Trail San Antonio TX; Holloman Air Force Base NM; Holloman Air Force Base 551 4th Street Holloman AFB NM; Incirlik Air Force Base Incirlik TR; Joint Base Langley-Eustis VA; Joint Base Langley-Eustis 210 Sweeney Blvd Hampton VA; Kadena Air Force Base Okinawa JP; Prince Sultan Air Base Al Khaji SA; Sather Air Base Baghdad IQ; Tallil Air Base Nasiriyah IQ; Vandenburg Air Force Base Lompoc CA; Yokota Air Force Base Tokyo JP; Yorktown Apts. 4 Willowood Dr. Yorktown VA (hereinafter the "Site") from 1990 to 2006 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff David Anderson's exposure, Plaintiff has been diagnosed with Thyroid Disease.

25.     Plaintiff Thomas Anderson resides at 627 Maryland Ave, Virginia Beach, VA 23451. Plaintiff was formerly stationed at 124 Murray St NAS North Island Port Coronado CA; NTC Orlando Orlando FL (hereinafter the "Site") from 1984 to 1989 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Thomas

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Anderson's exposure, Plaintiff has been diagnosed with High Cholesterol, Kidney Cancer, Renal Cell Carcinoma.

26.     Plaintiff Thomas Anderson resides at 94 Harney Ave, La Grande, OR 97850. Plaintiff was formerly stationed at MCAS El Toro Unnamed Road Irvine CA; MCAS Iwakuni 740-855 Yamaguchi, Iwakuni, Misumimachi, 2 Chome -- --; NAS Lemoore 700 Avenger Ave Lemoore CA; Unnamed Road MCAS El Toro Irvine CA (hereinafter the "Site") from 1978 to 1988 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Thomas Anderson's exposure, Plaintiff has been diagnosed with Pancreatic Cancer.

27.     Plaintiff Alan Andrew resides at 2340 Rose Ann Drive, Toledo, OH 43611-. Plaintiff was formerly stationed at USS Ranger at Cornado NAS North Island San Diego CA (hereinafter the "Site") from 1978 to 1982 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Alan Andrew's exposure, Plaintiff has been diagnosed with Bladder Cancer.

28.     Plaintiff Eric Askren resides at 2285 Evergreen Avenue, Fort Orchard, WA 98366. Plaintiff was formerly stationed at Fort Benjamin Fort Benjamin IN; Fort Harrison 6000 N Post Rd Indianapolis IN; Fort Jackson 4442 Jackson Blvd Columbia SC; Fort Lewis 2140 Liggett Ave

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

JB Lewis-McChord WA; Fort Ord Fort Ord CA; Sinai, Egypt (hereinafter the "Site") from 1983 to 1987 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Eric Askren's exposure, Plaintiff has been diagnosed with High Cholesterol, Kidney Cancer.

29.     Plaintiff Lorynda Atkins resides at 11610 Barrow, San Antonio, TX 78253. Plaintiff was formerly stationed at Eglin AFB 2591 Eglin Boulevard Eglin AFB FL; Eglin Air Force Base 2591 Eglin Blvd Eglin Air Force Base FL; Keesler AFB 310 M Street White Avenue Gate Building #4605 Keesler AFB NS; Keesler AFB 4503 M St Biloxi MS; March AFB 14560 2nd Street. Building #2640 March AFB CA; March AFB 1261 Graeber Street Building #2313 March AFB CA; Minot AFB 196 Missile Avenue Minot AFB Minot AFB ND; Minot Air Force Base 196 Missile Ave Minot AFB ND; Pease AFB 302 Newmarket St, Newington Newington NH; Pease Aire Force Base -- Portsmouth NH (hereinafter the "Site") from 1972 to 1994 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Lorynda Atkins's exposure, Plaintiff has been diagnosed with Hypothyroidism, Thyroid Disease.

30.     Plaintiff Glen Averitte resides at 4912 Woodruff Ct., Arlington, TX 76017. Plaintiff was formerly stationed at Kelly AFB San Antonio TX; Kimpo AFB Seoul KOR (hereinafter the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

"Site") from 1969 to 1972 and was living on base at the Site during that time. While living on base

at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water

containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result

of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a

direct and proximate result of Plaintiff Glen Averitte's exposure, Plaintiff has been diagnosed with

Chronic Lymphocytic Leukemia, High Cholesterol, Leukemia.

31.     Plaintiff Richard Baker Baker resides at 1201 Feather Trail, Maineville, OH 45039.

Plaintiff was formerly stationed at NAS Leemore 700 Avenger Ave Leemore CA; NAS San Diego

San Diego CA (hereinafter the "Site") from 1975 to 1981 and was living on base at the Site during

that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity

and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for

many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations

hazardous to their health. As a direct and proximate result of Plaintiff Richard Baker Baker's

exposure, Plaintiff has been diagnosed with Ulcerative Colitis.

32.     Plaintiff Justin Baksh resides at 2502 SE West Blackwell Dr, Port St. Lucie, FL

34952. Plaintiff was formerly stationed at Aberdeen Proving Ground 2201 Aberdeen Boulevard

Aberdeen Proving Ground MD; Camp Geiger PSC Box 20005 Camp Lejeune NC; Camp

Hansen ?904-1200, Kunigami District, ??? Okinawa --; Camp Kinser Yafuso, Urasoe Okinawa -

-; Camp Pendleton 200 Mercy Cir Oceanside CA; Parris Island 923 Chosin Resevoir Road Parris

Island SC (hereinafter the "Site") from 1998 to 2002 and was living on base at the Site during that

time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and

regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for

many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

hazardous to their health. As a direct and proximate result of Plaintiff Justin Baksh's exposure, Plaintiff has been diagnosed with Cancer, Oral Cancer, Throat Cancer, Tongue Cancer.

33.     Plaintiff Daniel Barber resides at 6886 Eucalyptus Avenue, Twentynine Palms, CA 92277. Plaintiff was formerly stationed at Air Station Barbers Point 1 Coral Sea Rd Kapolei HI; Fort Benjam harris IN Fort Benjam harris IN; Fort Benjamin Harrisson 6000 N Post Rd Indianapolis IN; Maire core combat center CA MWTC HC83 Bridgeport CA; Marine Corps Air Ground Combat Center Twentynine Palms Mccs Building 1438 Door 4 Twentynine Palms CA; Marine Corps Air Station Miramar Miramar Rd San Diego CA; Naval Adeak Alaska Adak AK; Naval Air Facility Adak -- Adak Island AK; Naval air station Barbers point Hawaii 1 Coral Sea Rd, Kapolei HI; Naval Air Station Fallon 4755 Pasture Rd Fallon NV; Naval air station Mairar CA Miramar Way San Diego CA; Naval Air Station Mid-South 7700 Hornet Ave Millington TN; Naval Air Station North Island -- San Diego CA; Naval Air station North island San Diego CA San Diego CA; Naval air station Nv 4755 Pasture Rd Fallon NV; Naval Air Station Roosevelt Roads -- Ceiba PR; Naval air station Rosevelt PR; Naval air station Tennessee 7698 Hornet Ave, Millington TN; Naval Air Station Whidbey Is 3730 N CHarles Porter Ave Oak Harbor WA; Naval air station Whidbey island WA 3730 N Charles Porter Ave Whidbey island WA; Naval Base San Diege CA 3455 Senn St, San Diego CA; Naval Base San Diego 3455 Senn St San Diego CA; Naval Training Center San Diego, CA; Naval Training Center -- San Diego CA; Sicily Naval Air station Lentini SR, Italy; Sigonella Naval Air Station Airport SP69ii Lentini SR --; Vietnam (hereinafter the "Site") from 1969 to 2013 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

hazardous to their health. As a direct and proximate result of Plaintiff Daniel Barber's exposure, Plaintiff has been diagnosed with Bladder Cancer, Breast Cancer, Cancer, Prostate Cancer, Thyroid Cancer.

34.     Plaintiff Edward Barnett resides at 401 Earl Dr., Kerrville, TX 78028. Plaintiff was formerly stationed at Kindley Air Force Base -- St. David's Island --; Lackland Air Force Base SW Military Road Lackland AFB TX; March Air Force Base 14560 2nd Street, Building #2640 March Air Reserve Base CA; Norton Air Force Base 1601 E 3rd Street San Bernardino CA; Sheppard Air Force Base 1810 J Ave Sheppard AFB TX; Wheeler AFB Honolulu HI; Wheeler Army Airfield -- Honolulu HI (hereinafter the "Site") from 1962 to 1982 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Edward Barnett's exposure, Plaintiff has been diagnosed with Kidney Cancer, Pancreatic Cancer.

35.     Plaintiff Michael Barton resides at 550 Southfield Dr, Columbia, SC 29229. Plaintiff was formerly stationed at Fort Benning Fort Benning GA; Fort Bragg NC; Fort Detrick 810 Schreider St, Fort Detrick MD; Fort Devens MA; Fort Gordon GA; Fort Jackson SC; Ft Ord Toro Creek Rd Marina CA; Ft. Sam Houston San Antonio TX (hereinafter the "Site") from 1995 to 2011 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct

15

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

and proximate result of Plaintiff Michael Barton's exposure, Plaintiff has been diagnosed with Prostate Cancer.

36.     Plaintiff Thomas Bell resides at 517 Airfield Highway 80, South Senteress, TX 78622. Plaintiff was formerly stationed at 500 Lee Avenue Fort Lee VA; 606 Thayer Rd West Point NY; Fort Sam Houston San Antonio TX; The National Training Center Fort Irwin CA (hereinafter the "Site") from 1990 to 2005 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Thomas Bell's exposure, Plaintiff has been diagnosed with Ulcerative Colitis.

37.     Plaintiff Ruben Beltran resides at 25117 Calle Del Monte, Edcouch, TX 78538. Plaintiff was formerly stationed at Camp Pendleton 200 Mercy Cir Oceanside CA; Camp Pendleton Oceanside VA; Fort Bliss Fort Bliss TX; Fort Bliss HQ, US Army Garrison, Fort Bliss ATTN: IMBL-ZA 1741 Marshall Road Fort Bliss TX; Marine Corps Base Cherry Point MCAS Cherry Point MCAS Cherry Point NC; MCRD San Diego 38990 Midway Ave San Diego CA; San Diego San Diego CA (hereinafter the "Site") from 2001 to 2009 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Ruben Beltran's exposure, Plaintiff has been diagnosed with Testicular Cancer.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

38.     Plaintiff Arthur Benitez resides at 2595 W. Minster Dr., Winterville, NC 28590. Plaintiff was formerly stationed at Langley AFB VA; Langley AFB 210 Sweeney Blvd Hampton VA; Norton AFB 1601 E 3rd St San Bernardino CA (hereinafter the "Site") from 1964 to 1967 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Arthur Benitez's exposure, Plaintiff has been diagnosed with Thyroid Cancer.

39.     Plaintiff Helen Bennett resides at 73016 Homestead Drive, Twentynine Palms, CA 92277. Plaintiff was formerly stationed at Camp Pendleton CA; Camp Pendleton Building #13150 Camp Pendleton CA; Fort Benning 7117 Baltzell Avenue Building #7 Fort Benning GA; Marine Corps Air Ground Combat Center Twentynine Palms 1551 Fifth St Twentynine Palms CA; MCAGCC CA; MCLG GA; MCRD CA; MCRD Paris Island 283 Blvd De France Parris Island SC; MCRD San Diego 4025 Tripoli Avenue, Personal &amp; Professional Development Bldg. 14 San Diego CA; Parris Island SC (hereinafter the "Site") from 1975 to 1993 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Helen Bennett's exposure, Plaintiff has been diagnosed with Breast Cancer.

40.     Plaintiff Todd Benson resides at 1308 Collins Circle, Camden, SC 29020. Plaintiff was formerly stationed at Castle AFB 5050 Santa Fe Dr Atwater CA; Chanute AFB Rantoul IL;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Davis-Monthan AFB S Wilmot Rd Tucson AZ; Ellsworth AFB 1000 Ellsworth Street; Suite 1500 Ellsworth AFB SD; Korea; Lackland AFB Gateway East; Building #2292 JBSA-Lackland AFB TX; Suwon Korea Jangji-dong, Gwonseon-gu, Suwon-si, Gyeonggi-do, South Korea (hereinafter the "Site") from 1980 to 1983 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Todd Benson's exposure, Plaintiff has been diagnosed with Colon Cancer, Prostate Cancer, Testicular Cancer.

41.     Plaintiff Jeffrey Bilski resides at W5057 Main St. PO Box 185, Vulcan, MI 49892. Plaintiff was formerly stationed at Great Lakes Naval Station 3355 Illinois St North Chicago IL; IWTC Corry Station 640 Roberts Ave Pensacola FL; NAS; San Diego Naval Base CA 3455 Senn St San Diego CA (hereinafter the "Site") from 1977 to 1980 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Jeffrey Bilski's exposure, Plaintiff has been diagnosed with Testicular Cancer.

42.     Plaintiff Gary Blake resides at 1265 plaza Maria Unit C, Sierra Vista, AZ 85635. Plaintiff was formerly stationed at Marine Corps Air Station Miramar- Miramar Way San Diego Ca (hereinafter the "Site") from 1977 to 1979 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Gary Blake's exposure, Plaintiff has been diagnosed with Diabetes, High Blood Pressure, Hypothyroidism.

43.    Plaintiff John Borrero resides at 9735 Channing Hill Drive, Ruskin, FL 33573-. Plaintiff was formerly stationed at Moffett AF 158 Cody Rd Mountain View CA (hereinafter the "Site") from 1980 to 1984 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff John Borrero's exposure, Plaintiff has been diagnosed with Myeloma.

44.    Plaintiff Nikolaos P. Bouboulis resides at 9277 Highland Hills Dr. N.E., Leland, NC 28451. Plaintiff was formerly stationed at Bahrain; Military &amp; Naval Affairs Division 321 Manor Rd Staten Island NY; Naval Submarine Base New London 1 Crystal Lake Rd Groton CT; NSA Bahrain -- Manama --; Phillipines; San Diego NAS San Diego CA; San Diego Naval Base CA 3455 Senn St San Diego CA; Statton Island NY; Subic Bay -- Subic Bay --; Unknown CT (hereinafter the "Site") from 1986 to 1994 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Nikolaos P. Bouboulis's exposure, Plaintiff has been diagnosed with Hypothyroidism, Thyroid Disease.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

45.     Plaintiff Stacy Boyd resides at 1702 West 97th Ave., Crown Point, IN 46307. Plaintiff was formerly stationed at Fort Leonard Wood Rm 118; Building 486 Fort Leonard Wood MO; Naval Ship Yard 4701 Intrepid Ave Philadelphia PA; North Island Base 3455 Senn Rd. San Diego CA (hereinafter the "Site") from 1986 to 1986 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Stacy Boyd's exposure, Plaintiff has been diagnosed with Leukemia.

46.     Plaintiff Steven Brenner resides at 1105 Dunns Short Cut Road, Conway, SC 29527-. Plaintiff was formerly stationed at Bootcamp, Great Lakes IL 530 Farragut Ave Ste B Great Lakes IL; Dry Dock Station, VA 1530 Gilbert St #2000 Norfolk VA (hereinafter the "Site") from 1987 to 1989 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Steven Brenner's exposure, Plaintiff has been diagnosed with Kidney Cancer.

47.     Plaintiff B R Brewster resides at 818 N Montez Drive, Bessemer, AL 35022. Plaintiff was formerly stationed at Camp Lejeune, NC PSC Box 20005 Camp Lejeune NC; El Toro, CA Unnamed Road, Irvine Irvine CA; Millington, TN 7428 Sample Drive Millington TN; Santa Ana, CA Santa Ana CA (hereinafter the "Site") from 1972 to 1976 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS

20

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff B R Brewster's exposure, Plaintiff has been diagnosed with Thyroid Disease.

48.     Plaintiff Michele M. Bridgewater resides at 821 Derington Ave, Casper, WY 86209. Plaintiff was formerly stationed at Toro Creek Rd Fort Ord Marina CA (hereinafter the "Site") from 1987 to 1990 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Michele M. Bridgewater's exposure, Plaintiff has been diagnosed with Ulcerative Colitis.

49.     Plaintiff Michael Brooker resides at 4111 Starfish Ln, Tampa, FL 33615. Plaintiff was formerly stationed at Andrews AFB 11 FSS/FSFR 1191 Menoher Drive JB Andrews MD; Fort Benning GA; Fort Benning 7117 Baltzell Avenue Building #7 Fort Benning GA; Fort Bragg NC; Fort Dix 2270 Fort Dix Rd JB MDL NJ; Fort Holabird 6401 Beckley Street Baltimore MD; Fort Jackson SC; Fort Jackson 4442 Jackson Blvd Columbia SC; Fort McClellan 1023 Fort McClellan Anniston AL; Fort Meade 4409 Llewellyn Ave Fort Meade MD; Fort Monmouth NJ; Fort Monmouth 502 Caren Franzini Way Oceanport NJ; Fort Sill OK 4301 Wilson St Fort Sill OK; Fr. Holabird,; Ft Dix NJ; Ft. Meede MD; Keesler AFB 4503 M St Biloxi MS; Mather AFB CA; Mather AFB 10425 Norden Ave, Mather CA; USAREUR Germany United States Army Garrison Heidelberg Heidelberg -- (hereinafter the "Site") from 1977 to 1977 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Michael Brooker's exposure, Plaintiff has been diagnosed with High Blood Pressure, High Cholesterol, Non-Hodgkins Lymphoma.

50.     Plaintiff Eddie Brooks III resides at 24371 Mavec Avenue, Euclid, OH 44123. Plaintiff was formerly stationed at Great Lakes Naval Station 3355 Illinois St North Chicago IL; Portsmouth Naval Shipyard Kittery ME; San Diego Naval Base CA 3455 Senn St San Diego CA (hereinafter the "Site") from 1980 to 1980 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Eddie Brooks III's exposure, Plaintiff has been diagnosed with Prostate Cancer.

51.     Plaintiff Randall Brooksher resides at 3428 Bow Dr, Copperopolis, CA 95228. Plaintiff was formerly stationed at Elmendorf Alaska General Delivery; 724 Quartermaster Rd; Room 32 JBER AK; Lackland 2602 Luke Blvd Lackland AFB TX; Schnute IL Schnute IL; Travis AFB 351 Travis Ave; Bldg. 660 Travis AFB CA (hereinafter the "Site") from 1976 to 1980 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

proximate result of Plaintiff Randall Brooksher's exposure, Plaintiff has been diagnosed with Testicular Cancer.

52.   Plaintiff George Bruser resides at 13216 Silver Saddle Ln, Poway, CA 92064. Plaintiff was formerly stationed at El Toro Irvine CA; MCAS El Toro Unnamed Road Irvine CA; Miami Miama FL (hereinafter the "Site") from 1951 to 1977 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff George Bruser's exposure, Plaintiff has been diagnosed with Breast Cancer, Prostate Cancer.

53.   Plaintiff Merri Bulgier-Bright resides at 2809 N Mann Dr, Silver City, NM 88061. Plaintiff was formerly stationed at Hampton Roads VA; Norfolk NAS Norfolk VA; Orlando NTC Orlando FL; San Diego San Diego CA; Virginia NAS VA (hereinafter the "Site") from 1978 to 1983 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Merri Bulgier-Bright's exposure, Plaintiff has been diagnosed with Celiac Disease, COPD, Diabetes, Ulcerative Colitis.

54.   Plaintiff Dave Buntemeyer resides at 4120 Colville Dr, Lake Havasu City, AZ 86406. Plaintiff was formerly stationed at 2144 Clement Ave NOSC Alameda Alameda CA (hereinafter the "Site") from 1990 to 1991 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and

23

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Dave Buntemeyer's exposure, Plaintiff has been diagnosed with Cancer.

55.    Plaintiff Michael Burns resides at 95 Demarest Rd., Sparta, NJ 07871-. Plaintiff was formerly stationed at Alameda Naval Base Alameda CA; Miramar NAS CA (hereinafter the "Site") from 1985 to 1986 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Michael Burns's exposure, Plaintiff has been diagnosed with Kidney Cancer.

56.    Plaintiff Chris Cahill resides at 815 W Park Avenue, #41, Chippewa Falls, WI 54729. Plaintiff was formerly stationed at NAS Cecil Field 40 Cecil Field Naval Air Sta, Jacksonville FL; NAS Lemoore 700 Avenger Ave Lemoore CA; NAS Oceana 1750 Tomcat Blvd Virginia Beach VA (hereinafter the "Site") from 1980 to 1986 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Chris Cahill's exposure, Plaintiff has been diagnosed with Hyperthyroidism, Thyroid Disease.

57.    Plaintiff Christopher Campbell resides at 613 Turtle Creek Dr., Asheville, NC 28803. Plaintiff was formerly stationed at Camp Lejeune PSC Box 20005 Camp Lejeune NC;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Camp Lenguine (father in Marines) NC; Great Lakes Naval Base IL; Great Lakes Naval Base -- -

- IL; Treasure Island CA; Treasure Island 1 Avenue of the Palms San Francisco CA (hereinafter

the "Site") from 1973 to 1978 and was living on base at the Site during that time. While living on

base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed

water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as

a result of the PFAS contamination at the Site, including at concentrations hazardous to their

health. As a direct and proximate result of Plaintiff Christopher Campbell's exposure, Plaintiff has

been diagnosed with Hyperthyroidism, Thyroid Disease.

58.    Plaintiff Jake Carlos resides at 839 Wells St, Redwood City, CA 94061. Plaintiff

was formerly stationed at Bremerton Navy Shipyard 120 S. Dewey Street; Naval Base Kitsap,

Building 443 Bremerton WA; Lackland AFB Gateway East; Building #2292 JBSA-Lackland AFB

TX; Naval Base Point Loma CA 92136 Naval Base Point Loma; San Diego CA; Naval Station

San Diego CA 3455 Senn Rd. San Diego CA; Pearl Harbor HI 850 Ticonderoga Street; Building

150 JBPHH HI (hereinafter the "Site") from 2000 to 2006 and was living on base at the Site during

that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity

and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for

many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations

hazardous to their health. As a direct and proximate result of Plaintiff Jake Carlos's exposure,

Plaintiff has been diagnosed with High Blood Pressure, Testicular Cancer.

59.    Plaintiff Reggie Carreker resides at 5164 E Ponce De Leon Ave., Apt. AA, Stone

Mountain, GA 30083. Plaintiff was formerly stationed at NAS Alameda -- Alameda CA; North

Island NAS; North Island NAS 004 Address Bldg. 2017, Colorado St. San Diego CA; San Diego

Naval Base CA 3455 Senn St San Diego CA; Sasebo Naval Base 1186 Akasakicho, Sasebo

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)                    INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                                   RECEIVED NYSCEF: 10/21/2021

Case 1:21-cv-10412-JPC    Document 4-1    Filed 12/07/21    Page 33 of 95

Nagasaki -- (hereinafter the "Site") from 1987 to 1998 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Reggie Carreker's exposure, Plaintiff has been diagnosed with Prostate Cancer.

60.     Plaintiff Lisa Carrillo resides at 5001 W. Florida Ave., Space 412, Hemet, CA 92545. Plaintiff was formerly stationed at Edwards Air Force Base 240 W Fitzgerald Blvd Edwards AFB CA; Lackland Airforce Base Building #2292 JBSA-Lackland AFB, Lackland AFB, TX; March AFB CA; March AFB 14560 2nd Street. Building #2640 March AFB CA (hereinafter the "Site") from 1991 to 1991 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Lisa Carrillo's exposure, Plaintiff has been diagnosed with Hyperthyroidism, Lymphoma, Non-Hodgkins Lymphoma.

61.     Plaintiff Dennis Carroll resides at 248 Calais Ct., Vacaville, CA 95687. Plaintiff was formerly stationed at 442 14th St Dover AFB Dover DE; 555 Hickman Ave Travis AFB CA; 690 Airmen Dr Travis AFB Travis AFB CA; Altus AFB 301 North First Street Altus AFB OK; Champaing Ct Chanute AFB Rantoul IL; Chanute AFB 501 EAST CONDIT DRIVE Rantoul IL; Clark AFB OMNI Driveway, Clark Freeport Mabalacat, Pampanga --; Dover AFB 442 13th St Dover DE; Eureka AFB -- Eureka CA; Fairchild AFB 300 N Short Street Fairchild AFB WA; George AFB -- Victorville CA; Kenly Ave Lackland AFB San Antonio TX; Lackland Air Force

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                              RECEIVED NYSCEF: 10/21/2021

Case 1:21-cv-10412-JPC   Document 4-1   Filed 12/07/21   Page 34 of 95

Base 2292 JBSA-Lackland Lackland AFB TX; Mega Dike Access Rd Clark AFB Candaba PHI; Mitchell St Fairchild AFB WA; Travis AFB 690 Airmen Drive Travis AFB CA (hereinafter the "Site") from 1972 to 1995 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Dennis Carroll's exposure, Plaintiff has been diagnosed with Myeloma.

62.     Plaintiff Ronnie Caver resides at 2470 Pico Ave., Clovis, CA 93611. Plaintiff was formerly stationed at Alameda Naval Base CA; Alameda Naval Base 2144 Clement Ave Alameda CA; NAS Lemoore 700 Avenger Ave Lemoore CA; NAS Point Mugu NAS Point Mugu NAS Point Mugu CA; Naval Air Station Lemoore CA; Naval Air Station Point Mugu CA (hereinafter the "Site") from 1981 to 2003 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Ronnie Caver's exposure, Plaintiff has been diagnosed with Myeloma.

63.     Plaintiff Francisco Cedillo resides at 21285 US Highway 20 APT 151, Bend, OR 97701. Plaintiff was formerly stationed at 3632 Tulagi Rd Naval Amphibious Base Coronado Coronado CA (hereinafter the "Site") from 1974 to 1978 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for

27

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Francisco Cedillo's exposure, Plaintiff has been diagnosed with Testicular Cancer.

64. Plaintiff Thomas Cepeda resides at 1105 W. Home Ave., Selah, WA 98942. Plaintiff was formerly stationed at Camp Casey Korea, APO AP AP --; Da Nang Air Base Da Nang --; Fort Bragg Normandy Dr. Fort Bragg NC; Fort Lewis 2140 Liggett Ave JB Lewis-McChord WA; Fort Ord Toro Creek Rd, Marina CA; Longare US Army Base 36023 Longare Province of Vicenza --; Royal Thai Airforce Base Bangkok -- (hereinafter the "Site") from 1975 to 1981 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Thomas Cepeda's exposure, Plaintiff has been diagnosed with Kidney Cancer.

65. Plaintiff Keith Chatman resides at 629 Honeysuckle way, Desoto, TX 75115. Plaintiff was formerly stationed at 238 California Ave Fort Hunter Liggett Jolon CA; E Hospital Rd Fort Gordon Augusta GA; Headquaters Ave Fort Hood TX; Toro Creek Rd Fort Ord Marina CA (hereinafter the "Site") from 1976 to 1995 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Keith Chatman's exposure, Plaintiff has been diagnosed with Myeloma.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

66.     Plaintiff Avery Chester resides at 7203 Caddo Lake Drive, San Antonio, TX 78244. Plaintiff was formerly stationed at Camp Geiger TC, 754 8th St Jacksonville NC; Camp Lejeune PSC Box 20005 Camp Lejeune NC; Camp Lejune NC; Camp Pendleton 200 Mercy Cir Oceanside CA; Field Medical Service School Camp Johnson, PSC Box 20005 Camp Lejeune NC; Fort Sam Houston 3060 Stanley Road San Antonio TX; Hospital Corps School -- San Diego CA; Inspector &amp; Instructor Staff, 6th Engineer Support Bn 7117 W Plank Rd Peoria IL; Naval Branch Health Clinic 400 Russell Dr bldg 41 Belle Chasse LA; Naval Hospital Portsmouth 620 John Paul Jones Cir Portsmouth VA; Orlando Naval Base 12350 Research Pkwy Orlando FL; US Naval Hospital Guam/Branch Medical Clinic Chapel Rd Santa Rita --; US Naval Hospital Via Contrada Boscariello Gricignano di Aversa CE -- (hereinafter the "Site") from 1984 to 2001 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Avery Chester's exposure, Plaintiff has been diagnosed with Diabetes, Leukemia.

67.     Plaintiff Rejene Clariette resides at 3831 South 81 St., Lincoln, NE 68506. Plaintiff was formerly stationed at Camp Kinser Yafuso, Urasoe Okinawa --; Camp Lejeune PSC Box 20005 Camp Lejeune NC; Camp Pendleton 200 Mercy Cir Oceanside CA; Marine Corps Air Ground Combat Center Twentynine Palms Mccs Building 1438 Door 4 Twentynine Palms CA; Parris Island 923 Chosin Resevoir Road Parris Island SC (hereinafter the "Site") from 1983 to 1987 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS

29

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Rejene Clariette's exposure, Plaintiff has been diagnosed with Blood Problems, Breast Cancer, Diabetes, Hashimotos Disease, Thyroid Disease.

68. Plaintiff George Clarke resides at 1374 Washburn St. SE, Palm Beach, FL 32909. Plaintiff was formerly stationed at Fort Knox Fort Knox KY; Fort Knox Bullion Blvd (Chaffee Gate) Fort Knox KY; Fort Ord Marina CA; Fort Ord Toro Creek Rd Marina CA; Joint Base San Antonio San Antonio TX (hereinafter the "Site") from 1968 to 1969 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff George Clarke's exposure, Plaintiff has been diagnosed with Lymphoma, Non-Hodgkins Lymphoma.

69. Plaintiff Quin Clay-Moore resides at 204 Park Avenue, Muscle Shoals, Alabama, Muscle Shoals, AL 35661. Plaintiff was formerly stationed at California CA; Lackland Air Force Base 2292 JBSA-Lackland Lackland AFB TX; Mississippi MS; San Antonio San Antonio (hereinafter the "Site") from 2003 to 2005 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Quin Clay-Moore's exposure, Plaintiff has been diagnosed with Hyperthyroidism, Thyroid Disease.

70. Plaintiff James Collins resides at 208 Grove St., Marietta, OH 45750. Plaintiff was formerly stationed at Great Lakes Naval Station 3355 Illinois St North Chicago IL; Naval Port

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Hueneme 4363 Missile Way Port Hueneme CA (hereinafter the "Site") from 1976 to 1987 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff James Collins's exposure, Plaintiff has been diagnosed with Thyroid Cancer.

71.　Plaintiff Jeffrey Cook resides at 440 Forest Rd., Troy, MT 59935. Plaintiff was formerly stationed at Fort Bragg CA; Louis Tender AK; Neah Bay WA (hereinafter the "Site") from 1984 to 1990 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Jeffrey Cook's exposure, Plaintiff has been diagnosed with High Cholesterol, Ulcerative Colitis.

72.　Plaintiff Angelica Courtney, as Personal Representative of the estate of Gregory Courtney, and Angelica Courtney Individually resides at 1622 Morning Sun, San Antonio, TX 78228-. Plaintiff was formerly stationed at Camp Pendleton 200 Mercy Cir Oceanside CA; Fort Hood TX; Fort Hood 761st Tank Battalion Ave Killeen TX; Fort Riley -- Fort Riley KS; Fort Sam Houston TX; Fort Sam Houston 3060 Stanley Road San Antonio TX (hereinafter the "Site") from 1972 to 1972 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case 1:21-cv-10412-JPC   Document 4-1   Filed 12/07/21   Page 39 of 95

PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Angelica Courtney, as Personal Representative of the estate of Gregory Courtney, and Angelica Courtney Individually's exposure, Plaintiff has been diagnosed with Cancer, Colon Cancer, High Blood Pressure.

73.     Plaintiff C.C. Cox Jr resides at 643 Orchard Pkwy., Niagara Falls, NY 14301. Plaintiff was formerly stationed at Havre AFB MT; Scott AFB; Travis AFB CA (hereinafter the "Site") from 1968 to 1975 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff C.C. Cox Jr's exposure, Plaintiff has been diagnosed with High Cholesterol, Kidney Cancer, Prostate Cancer, Renal Cell Carcinoma.

74.     Plaintiff Trey Cram resides at 149 Blackburns Ford Drive, Stephens City, VA 22655. Plaintiff was formerly stationed at Camp Lejeune Onslow NC; Camp Pendleton Oceanside CA; Parris Island Parris Island SC (hereinafter the "Site") from 1998 to 2006 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Trey Cram's exposure, Plaintiff has been diagnosed with Testicular Cancer.

75.     Plaintiff Trenton Crockett resides at 405 East Liberty Street, Wytheville, VA 24382. Plaintiff was formerly stationed at 1810 J Ave Sheppard AFB TX; Aliso Creek Camp Pendleton Oceanside CA; Mihiel Rd Parris Island Beaufort SC; SW Sheridan Rd Fort Sill Lawton

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

OK (hereinafter the "Site") from 1978 to 1981 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Trenton Crockett's exposure, Plaintiff has been diagnosed with Leukemia.

76.     Plaintiff Shelia Dangerfield resides at 701 Colby Drive, Mansfield, TX 76063. Plaintiff was formerly stationed at Bethesda Navy Hospital 4494 Palmer Rd N Bethesda MD; Camp Johnson Jacksonville NC; Camp Lejeune Camp Lejeune NC; Camp Lejeune PSC Box 20005 Camp Lejeune NC; Charleston Naval Base 2316 Red Bank Rd Goose Creek SC; Naval Station San Diego S 32nd St San Diego CA; Roosevelt Road Naval Base -- Ceiba PR; Roosevelt Road Naval Base Camp Moscrip, Navy Mobile Construction Battalion 74 Gulfport, MS Ceiba PR; Roosevelt Roads Ceiba PR; San Diego San Diego CA; US Naval Academy 121 Blake Road, US Naval Academy Annapolis MD (hereinafter the "Site") from 1989 to 1989 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Shelia Dangerfield's exposure, Plaintiff has been diagnosed with Myeloma.

77.     Plaintiff Ervie Davis Jr. resides at 4428 Tate Ave, Adamsville, AL 35005. Plaintiff was formerly stationed at Lackalnd AFB San Antonio TX; Lowry AFB Denver CO; Vandenberg AFB 747 Nebraska Ave Vandenberg AFB CA (hereinafter the "Site") from 1971 to 1974 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Ervie Davis Jr.'s exposure, Plaintiff has been diagnosed with Thyroid Disease.

78.     Plaintiff Qurieno De Guchy resides at 9134 Star Flower St.,  Corona, CA 92883. Plaintiff was formerly stationed at Edwards Airforce Base, CA Edwards AFB CA (hereinafter the "Site") from 1983 to 1987 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Qurieno De Guchy's exposure, Plaintiff has been diagnosed with Ulcerative Colitis.

79.     Plaintiff Anthony DeAngelis resides at 1115 E Wagon Wheel Dr, Prescott,, AZ 86303. Plaintiff was formerly stationed at 20th St Elmendorf AFB Anchorage AK; Warren Shingle Rd Beale AFB CA (hereinafter the "Site") from 1993 to 1999 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Anthony DeAngelis's exposure, Plaintiff has been diagnosed with Kidney Cancer.

80.     Plaintiff Valerie Demus resides at 7311 Chase Wood Dr., Missouri City, TX 77489. Plaintiff was formerly stationed at Alameda Naval Base Alameda CA; San Francisco Naval Base San Francisco CA; Training Station Orlando FL (hereinafter the "Site") from 1986 to 1992 and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Valerie Demus's exposure, Plaintiff has been diagnosed with Breast Cancer.

81.     Plaintiff Christopher Dick resides at 1955 Peterson Pond lane, redwood valley, CA 95740. Plaintiff was formerly stationed at Alameda Naval Base 2144 Clement Ave Alameda CA; Alameda VAS Alameda CA; Great Lakes AFB Great Lakes IL; Great Lakes Naval Station 3355 Illinois St North Chicago IL; Lakehurst AFB Lakehurst NJ; Lakehurst Naval Station Landsdowne Rd Lakehurst NJ (hereinafter the "Site") from 1985 to 1985 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Christopher Dick's exposure, Plaintiff has been diagnosed with Chronic Lymphocytic Leukemia, Skin Cancer.

82.     Plaintiff Jack Doyle resides at 275 W Tamarack street, Canton, IL 61520. Plaintiff was formerly stationed at Naval Amphib Base Coronado 3632 Tulagi Rd Coronado CA; Naval Amphibious Base Coronado 3632 Tulagi Rd Coronado CA (hereinafter the "Site") from 1988 to 1992 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

proximate result of Plaintiff Jack Doyle's exposure, Plaintiff has been diagnosed with Ulcerative Colitis.

83.     Plaintiff Richard Driscoll resides at 5691 Quincy St., Apt. 4, Mounds View, MN 55112. Plaintiff was formerly stationed at Camp Lejeune 812 Holcomb Blvd Camp Lejeune NC (hereinafter the "Site") from 1980 to 1982 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Richard Driscoll's exposure, Plaintiff has been diagnosed with Liver Problems.

84.     Plaintiff Robert Eder resides at 150 Millwood Rd., Leesburg, FL 34788. Plaintiff was formerly stationed at Barksdale AFB 425 Lindbergh Avenue Barksdale AFB LA; Chanute AFB IL; Chanute AFB 501 EAST CONDIT DRIVE Rantoul IL; England AFB Alexandria, LA 71303 Alexandia LA; Grissom AFB 1438 Foreman Drive Grissom ARB IN; Joint Base Langley-Eustis 210 Sweeney Blvd Hampton VA; March AFB 14560 2nd Street. Building #2640 March AFB CA; Nellis Air Force Base 5941 Fitzgerald Blvd. Nellis AFB NV; Peterson AFB Platte Avenue &amp;, N Powers Blvd Colorado Springs CO; Takhli RTAB Takhli District, Nakhon Sawan 60140 -- -- (hereinafter the "Site") from 1966 to 2007 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Robert Eder's exposure, Plaintiff has been diagnosed with Myeloma.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

85. Plaintiff Arthur Edwards resides at 1131 W 26th ST, Riviera Beach, FL 33404. Plaintiff was formerly stationed at Milington, Tennessee, 7698 Hornet Ave Millington TN; San Diego, North Island CA (hereinafter the "Site") from 1987 to 1987 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Arthur Edwards's exposure, Plaintiff has been diagnosed with Ulcerative Colitis.

86. Plaintiff Colinda Edwards resides at 656 Joyner Loop, Lonoke, AR 72086. Plaintiff was formerly stationed at Monterey DLI Monterey CA; Mountain Home Mountain Home ID (hereinafter the "Site") from 2002 to 2005 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Colinda Edwards's exposure, Plaintiff has been diagnosed with Hypothyroidism.

87. Plaintiff James Edwards resides at 3832 Pine Road, Portsmouth, VA 23703. Plaintiff was formerly stationed at Great Lakes III 2601 E. Paul Jones Street Great Lakes IL; NOB Norfolk Naval Base 1530 Gilbert St #2000 Norfolk VA; NTC/STC San Diego CA Nimitz Blvd &amp; Harbor Dr San Diego CA; San Diego Naval Base CA 3455 Senn St San Diego CA (hereinafter the "Site") from 1976 to 1978 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for

37

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff James Edwards's exposure, Plaintiff has been diagnosed with Prostate Cancer.

88.    Plaintiff Michael Edwards resides at 7793 Ranger Creek Rd, Boerne, TX 78006. Plaintiff was formerly stationed at 280 Taylor Rd NAS Pensacola Pensacola FL; Andrews AFB 11 FSS/FSFR 1191 Menoher Drive JB Andrews MD; Cecil Field Naval Air Station 40 Cecil Field Naval Air Sta Jacksonville FL; MacDill AFB 9211 Marina Bay Dr Tampa FL; NAS Cubi Point Subic Bay Freeport Zone Bataan --; NAS Jacksonville 6801 Roosevelt Blvd Jacksonville FL; NAS Pensacola 280 Taylor Rd Pensacola FL; Naval Station Pearl Harbor 850 Ticonderoga St JBPHH HI; Pentagon 1400 Defense Pentagon Washington DC; San Diego Naval Base CA 3455 Senn St San Diego CA; Subic Bay Freeport Zone Naval Air Station Cubi Point Bataan PHI (hereinafter the "Site") from 1983 to 1987 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Michael Edwards's exposure, Plaintiff has been diagnosed with Non-Hodgkins Lymphoma.

89.    Plaintiff Jeffrey Eggers resides at 710 S. 23rd St., Council Bluffs, IA 51501. Plaintiff was formerly stationed at Joint Base Andrews Washington DC; Mayport Mayport FL; Memphis Memphis TN; NAS Oceana Naval Base VA; San Diego San Diego CA (hereinafter the "Site") from 1969 to 1973 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Jeffrey Eggers's exposure, Plaintiff has been diagnosed with Kidney Cancer.

90.    Plaintiff Roosevelt Ellis resides at 503 Azalea Dr., La Marque, TX 77568. Plaintiff was formerly stationed at Great Lakes Naval Base -- -- IL; Long Beach Naval Shipyard CA; Long Beach Naval Station 800 Seal Beach Blvd Seal Beach CA (hereinafter the "Site") from 1985 to 1988 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Roosevelt Ellis's exposure, Plaintiff has been diagnosed with Ulcerative Colitis.

91.    Plaintiff Charles Engel resides at 845 SE Consuelo Road, Tecumseh, KS 66542. Plaintiff was formerly stationed at 1530 Gilbert St #2000 Norfolk NSA Norfolk VA; 4701 Interpid Ave Philadelphia NSA Philadelphia PA; Nimitz Ave Mare Island Naval Shipyard Vallejo CA; Truxton Rd RTC San Diego San Diego CA (hereinafter the "Site") from 1973 to 1979 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Charles Engel's exposure, Plaintiff has been diagnosed with Thyroid Disease.

92.    Plaintiff Brian Engman resides at 6898 Helena Dr NE, Bremerton, WA 98311. Plaintiff was formerly stationed at 4 Pennyfield Ave US Navy Reserve The Bronx NY; 530

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Farragut Ave Ste B USO of Illinois Great Lakes Center Great Lakes IL; Monarch St NAS Alameda Alameda CA (hereinafter the "Site") from 1972 to 1989 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Brian Engman's exposure, Plaintiff has been diagnosed with Diabetes, High Blood Pressure, Kidney Cancer.

93.     Plaintiff Robert Eshbaugh resides at 4054 E Park Ave, Gilbert, AZ 85234. Plaintiff was formerly stationed at Beaufort Beaufort SC; Cherry Point Cherry Point NC; Marine Corps Forces Reserve AL; MCRSD 38990 Midway Ave, San Diego CA; Missouri National Guard; NAS Oceana 905 G Ave Virginia Beach VA (hereinafter the "Site") from 1990 to 1999 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Robert Eshbaugh's exposure, Plaintiff has been diagnosed with Ulcerative Colitis.

94.     Plaintiff Mario Felix resides at 173 W Borrego St., Tucson,, AZ 85706. Plaintiff was formerly stationed at Naval Air Station North Island -- San Diego CA; Naval Air Station North Island 3rd St &amp; Alameda Blvd Coronado CA; Naval Base San Diego 3455 Senn St San Diego CA; San Diego 3455 Senn Rd. San Diego CA; USS Constellation (CV-64) ; USS Contellation (CV-64) 301 E Pratt St Baltimore USS Contellation MD; USS Ranger USS Ranger; USS Ranger (CV-4) (hereinafter the "Site") from 1978 to 1981 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Mario Felix's exposure, Plaintiff has been diagnosed with Malignant Cancer, No Injury, No Symptoms, Sleep Apnea, Throat Cancer, Thyroid Cancer, Tonsillar Cancer.

95.     Plaintiff Michael Fennell resides at 302 Rolling Hill Ct., Cloverdale, CA 95425. Plaintiff was formerly stationed at Lackland Air Force Base Building #2292 JBSA-Lackland AFB TX; McGuire Air Base 3021 McGuire Blvd McGuire AFB NJ; Sheppard Air Force Base 1810 J Ave Sheppard AFB TX; Travis AFB 690 Airmen Drive Travis AFB CA (hereinafter the "Site") from 1967 to 1971 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Michael Fennell's exposure, Plaintiff has been diagnosed with Hyperthyroidism, Kidney Cancer.

96.     Plaintiff Christopher Fields resides at 12214 Carpenter Rd., Ellendale, DE 19941. Plaintiff was formerly stationed at 690 Peary St Naval Station Newport Rhode Island Newport RI (hereinafter the "Site") from 1983 to 1986 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Christopher Fields's exposure, Plaintiff has been diagnosed with Lung Cancer.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

97.    Plaintiff William Fields resides at 2019 Falcon Ridge Drive Apt B, Carrollton, TX 75010. Plaintiff was formerly stationed at Monarch St NAS Alameda Alameda CA (hereinafter the "Site") from 1990 to 1994 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff William Fields's exposure, Plaintiff has been diagnosed with Kidney Cancer.

98.    Plaintiff Edward Fitzgerald resides at W2415 Raffelson Rd, Bangor, WI 54614. Plaintiff was formerly stationed at NAS Alameda, CA Alameda CA; Naval Base San Diego, CA 3455 Senn Rd. San Diego CA (hereinafter the "Site") from 1973 to 1974 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Edward Fitzgerald's exposure, Plaintiff has been diagnosed with Thyroid Disease.

99.    Plaintiff Sean Fitzgerald resides at 4051 East Hw 1223 Corbin, Corbin, KY 40701. Plaintiff was formerly stationed at NAS AK (hereinafter the "Site") from 1987 to 1989 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Sean Fitzgerald's exposure, Plaintiff has been diagnosed with Leukemia.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

100.    Plaintiff Paul Flemmer resides at P.O. Box 1738, Thompson Falls, MT 59873. Plaintiff was formerly stationed at Kadena AFB Japan (3 months); Kadena AFB, Japan (3 months); Kadena Air Base Higashi, Kadena, Nakagami District, Okinawa 904-0200, Japan -- --; Marine Corps Air Station El Toro Unnamed Road Irvine CA; MCAS El Toro CA; NAS China Lake (6 weeks) CA; Naval Air Weapons Station China Lake 1 Administrative Circle Ridgecrest CA (hereinafter the "Site") from 1982 to 1991 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Paul Flemmer's exposure, Plaintiff has been diagnosed with Testicular Cancer.

101.    Plaintiff James Flood resides at 210 Grove St., Bennington, VT 05201-. Plaintiff was formerly stationed at Fort Leonard Wood Fort Leonard Wood MO; Fort Leonard Wood Fort Leonard Wood Fort Lenoard Wood MO; Fort Ord, CA; Fort Sam Houston, San Antonio TX; Ft Sa Houston TX; JBSA Fort Sam Houston 2330 Stanley Rd San Antonio TX (hereinafter the "Site") from 1978 to 1979 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff James Flood's exposure, Plaintiff has been diagnosed with Blood Cancer, Blood Problems, Cancer, Melanoma, Skin Cancer.

102.    Plaintiff Robert Fowler resides at 246 Camelot Pl, Walterboro, SC 29488. Plaintiff was formerly stationed at 10121 Lake June Rd NAS Dallas Dallas TX (hereinafter the "Site") from

43

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1984 to 1988 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Robert Fowler's exposure, Plaintiff has been diagnosed with Kidney Cancer.

103.     Plaintiff Jhuneia Frost resides at 176 Coldwater Road, Rochester, NY 14624. Plaintiff was formerly stationed at Keesler AFB 4503 M St Biloxi MS; Lackland AFB 2602 Luke Blvd Lackland AFB TX; Vandenberg AFB 706 Washington Ave.; Bldg 10122 Vandenberg AFB CA (hereinafter the "Site") from 1989 to 1996 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Jhuneia Frost's exposure, Plaintiff has been diagnosed with Hyperthyroidism.

104.     Plaintiff Jeffrey Kent Fuller resides at 222 Wellesly Dr, Davenport, FL 33897. Plaintiff was formerly stationed at Edward AFB 90 Farrell Drive, Bldg 5620 Edwards AFB CA; Lackland AFB Gateway East; Building #2292 JBSA-Lackland AFB TX; Sheppard AFB 210 Missile Road Sheppard AFB TX (hereinafter the "Site" from 1982 to 1985 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff

Jeffrey Kent Fuller's exposure, Plaintiff has been diagnosed with Lymphoma.

105.    Plaintiff David Gallagher resides at 10700 N La Reserve Dr., #1202, Oro Valley,

AZ 85737. Plaintiff was formerly stationed at Beale AFB Yuba County CA; Chanute AFB

Champaign County IL; Kincheloe AFB Kinross MI; Lackland AFB San Antonio TX (hereinafter

the "Site") from 1975 to 1978 and was living on base at the Site during that time. While living on

base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed

water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as

a result of the PFAS contamination at the Site, including at concentrations hazardous to their

health. As a direct and proximate result of Plaintiff David Gallagher's exposure, Plaintiff has been

diagnosed with Cancer, Colon Cancer.

106.    Plaintiff Dale Garrison resides at 2277 Brown Chapel Rd, Boonville, IN 47601.

Plaintiff was formerly stationed at Idaho Falls Idaho Falls ID; Nas Alameda Naval Base --

Alameda CA; Norfolk Naval Base; Point Loma Point Loma CA (hereinafter the "Site") from 1983

to 1990 and was living on base at the Site during that time. While living on base at the Site,

Claimant was exposed to PFAS through daily activity and regularly consumed water containing

elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the

PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct

and proximate result of Plaintiff Dale Garrison's exposure, Plaintiff has been diagnosed with

Testicular Cancer.

107.    Personnel at the Site stored, handled, used, trained with, tested equipment with,

otherwise discharged AFFF products in their facility, therefore contaminating groundwater

supplies in the vicinity of the base.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

Case 1:21-cv-10412-JPC   Document 4-1   Filed 12/07/21   Page 53 of 95

108.    Plaintiffs have been exposed to PFAS, have elevated levels of these contaminants in their blood, and are at an increased risk of health effects, changes in thyroid hormone, kidney cancer, and other autoimmune diseases.

109.    Plaintiffs have a legitimate fear of developing additional injuries as a result of their exposure to PFAS, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, kidney cancer and other autoimmune diseases.

**B.    Defendants**

110.    The term "Defendants" refers to all Defendants named herein jointly and severally.

    i.    <u>The AFFF Defendants</u>

111.    The term **"AFFF Defendants"** refers collectively to Defendants 3M Company, Angus International Safety Group, Ltd., Amerex Corporation, Buckeye Fire Equipment Company, Carrier Global Corporation, Central Sprinkler, LLC, Chemguard Inc., Fire Products GP Holding, LLC, Johnson Controls International PLC, Kidde-Fenwal, Inc., National Foam, Inc.., and Tyco Fire Products L.P.,

112.    **Defendant The 3M Company f/k/a Minnesota Mining and Manufacturing Co. ("3M")** is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3M Center, St. Paul, Minnesota 55144-1000.

113.    Beginning before 1970 and until at least 2002, 3M designed, manufactured, marketed, distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

114.    **Defendant Amerex Corporation ("Amerex")** is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located at 7595 Gadsden Highway, Trussville, AL 35173.

46

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

115.     Amerex is a manufacturer of firefighting products. Beginning in 1971, it was a manufacturer of hand portable and wheeled extinguishers for commercial and industrial applications.

116.     In 2011, Amerex acquired Solberg Scandinavian AS, one of the largest manufacturers of AFFF products in Europe.

117.     On information and belief, beginning in 2011, Amerex designed, manufactured, marketed distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

118.     **Defendant Tyco Fire Products LP ("Tyco")** is a limited partnership organized under the laws of the State of Delaware, with its principal place of business located at One Stanton Street, Marinette, Wisconsin 54143-2542.

119.     Tyco is the successor in interest of The Ansul Company ("Ansul"), having acquired Ansul in 1990.

120.     Beginning in or around 1975, Ansul designed, manufactured, marketed, distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

121.     After Tyco acquired Ansul in 1990, Tyco/Ansul continued to design, manufacture, market, distribute, and sell AFFF products containing PFAS, including but not limited to PFOA and PFOS.

122.     **Defendant Chemguard, Inc. ("Chemguard")** is a corporation organized under the laws of the State of Texas, with its principal place of business located at One Stanton Street, Marinette, Wisconsin 54143.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1    Case 1:21-cv-10412-JPC    Document 4-1    Filed 12/07/21    Page 55 of 95    RECEIVED NYSCEF: 10/21/2021

123. On information and belief, Chemguard designed, manufactured, marketed, distributed, and sold AFFF products containing PFAS, including but not limited to PFOA and PFOS.

124. On information and belief, Chemguard was acquired by Tyco International Ltd. in 2011.

125. On information and belief, Tyco International Ltd. later merged into its subsidiary Tyco International plc in 2014 to change its jurisdiction of incorporation from Switzerland to Ireland.

126. **Defendant Buckeye Fire Equipment Company ("Buckeye")** is a corporation organized under the laws of the State of Ohio, with its principal place of business located at 110 Kings Road, Kings Mountain, North Carolina 28086.

127. On information and belief, Buckeye designed, manufactured, marketed, distributed, and sold AFFF products containing PFAS, including but not limited to PFOA and PFOS.

128. **Defendant National Foam, Inc. ("National Foam")** is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 141 Junny Road, Angier, North Carolina 27501.

129. Beginning in or around 1973, National Foam designed, manufactured, marketed, distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

130. On information and belief, National Foam currently manufactures the Angus brand of AFFF products and is a subsidiary of Angus International Safety Group.

131. On information and belief, National Foam merged with Chubb Fire Ltd. to form Chubb National Foam, Inc. in or around 1988.

48

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case 1:21-cv-10412-JPC   Document 4-1   Filed 12/07/21   Page 56 of 95

132.     On information and belief, Chubb is or has been composed of different subsidiaries and/or divisions, including but not limited to, Chubb Fire & Security Ltd., Chubb Security, PLC, Red Hawk Fire & Security, LLC, and/or Chubb National Foam, Inc. (collectively referred to as "Chubb").

133.     On information and belief, Chubb was acquired by Williams Holdings in 1997.

134.     On information and belief, Angus Fire Armour Corporation had previously been acquired by Williams Holdings in 1994.

135.     On information and belief, Williams Holdings was demerged into Chubb and Kidde P.L.C. in or around 2000.

136.     On information and belief, when Williams Holdings was demerged, Kidde P.L.C. became the successor in interest to National Foam System, Inc. and Angus Fire Armour Corporation.

137.     On information and belief, Kidde P.L.C. was acquired by United Technologies Corporation in or around 2005.

138.     On information and belief, Angus Fire Armour Corporation and National Foam separated from United Technologies Corporation in or around 2013.

139.     **Defendant Kidde-Fenwal, Inc. ("Kidde-Fenwal")** is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Financial Plaza, Hartford, Connecticut 06101.

140.     On information and belief, Kidde-Fenwal was an operating subsidiary of Kidde P.L.C. and manufactured AFFF following Kidde P.L.C.'s acquisition by United Technologies Corporation.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

141.     On information and belief, Kidde-Fenwal is the entity that divested the AFFF business unit now operated by National Foam in 2013.

142.     **Defendant Carrier Global Corporation ("Carrier")** is a corporation organized under the laws of the State of Delaware, with its principal place of business at 13995 Pasteur Boulevard, Palm Beach Gardens, Florida 33418.

143.     On information and belief, Carrier was formed in March 2020 when United Technologies Corporation spun off its fire and security business before it merged with Raytheon Company in April 2020.

144.     On information and belief, Kidde-Fenwal became a subsidiary of Carrier when United Technologies Corporation spun off its fire and security business in March 2020.

145.     On information and belief, the AFFF Defendants designed, manufactured, marketed, distributed, and sold AFFF products containing PFOS, PFOA, and/or their chemical precursors that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed at the Sites.

ii.     The Fluorosurfactant Defendants

146.     The term **"Fluorosurfactant Defendants"** refers collectively to Defendants 3M, , Arkema Inc., BASF Corporation, ChemDesign Products Incorporated, Chemguard Inc., Deepwater Chemicals, Inc., E.I. DuPont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, DuPont de Nemours Inc., and Dynax Corporation.

147.     **Defendant Arkema Inc.** is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business at 900 First Avenue, King of Prussia, PA 19406.

148.     Arkema Inc. develops specialty chemicals and polymers.

149.     Arkema, Inc. is an operating subsidiary of Arkema France, S.A.

50

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

150.     On information and belief, Arkema Inc. designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

151.     **Defendant BASF Corporation ("BASF")** is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 100 Park Avenue, Florham Park, New Jersey 07932.

152.     On information and belief, BASF is the successor-in-interest to Ciba. Inc. (f/k/a Ciba Specialty Chemicals Corporation).

153.     On information and belief, Ciba Inc. designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

154.     **Defendant ChemDesign Products Inc. ("ChemDesign")** is a corporation organized under the laws of Delaware, with its principal place of business located at 2 Stanton Street, Marinette, WI, 54143.

155.     On information and belief, ChemDesign designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products

156.     **Defendant Deepwater Chemicals, Inc. ("Deepwater")** is a corporation organized under the laws of Delaware, with its principal place of business located at 196122 E County Road 40, Woodward, OK, 73801.

157.     On information and belief, Deepwater Chemicals designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Case 1:21-cv-10412-JPC   Document 4-1   Filed 12/07/21   Page 59 of 95

158.    **Defendant Dynax Corporation ("Dynax")** is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 103 Fairview Park Drive, Elmsford, New York 10523.

159.    On information and belief, Dynax entered into the AFFF market on or about 1991 and quickly became a leading global producer of fluorosurfactants and fluorochemical stabilizers containing PFOS, PFOA, and/or their chemical precursors.

160.    On information and belief, Dynax designed, manufactured, marketed, distributed, and sold fluorosurfactants and fluorochemical stabilizers containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

161.    **Defendant E.I. du Pont de Nemours & Company ("DuPont")** is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805.

162.    **Defendant The Chemours Company ("Chemours Co.")** is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1007 Market Street, P.O. Box 2047, Wilmington, Delaware, 19899.

163.    In 2015, DuPont spun off its performance chemicals business to Chemours Co., along with vast environmental liabilities which Chemours Co. assumed, including those related to PFOS and PFOA and fluorosurfactants.  On information and belief, Chemours Co. has supplied fluorosurfactants containing PFOS and PFOA, and/or their chemical precursors to manufacturers of AFFF products.

164.    On information and belief, Chemours Co. was incorporated as a subsidiary of DuPont as of April 30, 2015.  From that time until July 2015, Chemours Co. was a wholly-owned subsidiary of DuPont.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

165.    In July 2015, DuPont spun off Chemours Co. and transferred to Chemours Co. its "performance chemicals" business line, which includes its fluoroproducts business, distributing shares of Chemours Co. stock to DuPont stockholders, and Chemours Co. has since been an independent, publicly-traded company.

166.    **Defendant The Chemours Company FC, LLC ("Chemours FC")** is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1007 Market Street, Wilmington, Delaware, 19899.

167.    **Defendant Corteva, Inc. ("Corteva")** is a corporation organized and existing under the laws of Delaware, with its principal place of business at 974 Centre Rd., Wilmington, Delaware 19805.

168.    **Defendant Dupont de Nemours Inc**. **f/k/a DowDuPont, Inc. ("Dupont de Nemours Inc.")** is a corporation organized and existing under the laws of Delaware, with its principal place of business at 974 Centre Road, Wilmington, Delaware 19805 and 2211 H.H. Dow Way, Midland, Michigan 48674.

169.    On June 1, 2019, DowDuPont separated its agriculture business through the spin-off of Corteva.

170.    Corteva was initially formed in February 2018. From that time until June 1, 2019, Corteva was a wholly-owned subsidiary of DowDuPont.

171.    On June 1, 2019, DowDuPont distributed to DowDuPont stockholders all issued and outstanding shares of Corteva common stock by way of a pro-rata dividend. Following that distribution, Corteva became the direct parent of E. I. Du Pont de Nemours & Co.

172.    Corteva holds certain DowDuPont assets and liabilities, including DowDuPont's agriculture and nutritional businesses.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

173.     On June 1, 2019, DowDuPont, the surviving entity after the spin-off of Corteva and of another entity known as Dow, Inc., changed its name to DuPont de Nemours, Inc., to be known as DuPont ("New DuPont"). New DuPont retained assets in the specialty products business lines following the above-described spin-offs, as well as the balance of the financial assets and liabilities of E.I DuPont not assumed by Corteva.

174.     Defendants E. I. Du Pont de Nemours and Company; The Chemours Company; The Chemours Company FC, LLC; Corteva, Inc.; and DuPont de Nemours, Inc. are collectively referred to as "DuPont" throughout this Complaint.

175.     On information and belief, DuPont designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

176.     On information and belief, 3M and Chemguard also designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

177.     On information and belief, the Fluorosurfactant Defendants designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed at the Sites.

iii.     The PFC Defendants

178.     The term **"PFC Defendants"** refers collectively to 3M, AGC Chemicals Americas Inc., Archroma Management LLC, ChemDesign Products Inc., Chemicals, Inc., Clariant Corporation, Deepwater Chemicals, Inc., E. I. DuPont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., DuPont de Nemours Inc., and Nation Ford Chemical Company.

54

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

179.     **Defendant AGC Chemicals Americas, Inc. ("AGC")** is a corporation organized and existing under the laws of Delaware, having its principal place of business at 55 East Uwchlan Avenue, Suite 201, Exton, PA 19341.

180.     On information and belief, AGC Chemicals Americas, Inc. was formed in 2004 and is a subsidiary of AGC Inc., a foreign corporation organized under the laws of Japan, with its principal place of business in Tokyo, Japan.

181.     AGC manufactures specialty chemicals.  It offers glass, electronic displays, and chemical products, including resins, water and oil repellants, greenhouse films, silica additives, and various fluorointermediates.

182.     On information and belief, AGC designed, manufactured, marketed, distributed, and sold PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

183.     **Defendant Archroma U.S., Inc. ("Archroma")** is a corporation organized and existing under the laws of Delaware, with its a principal place of business at 5435 77 Center Drive, Charlotte, North Carolina 28217.

184.     On information and belief, Archroma was formed in 2013 when Clariant Corporation divested its textile chemicals, paper specialties, and emulsions business to SK Capital Partners.

185.     On information and belief, Archroma designed, manufactured, marketed, distributed, and sold PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

186.     **Defendant Chemicals, Inc. ("Chemicals, Inc.")** is a corporation organized and existing under the laws of Texas, with its principal place of business located at 12321 Hatcherville, Baytown, TX 77520.

187.     On information and belief, Chemicals, Inc. supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

188.     **Defendant Clariant Corporation ("Clariant")** is a corporation organized and existing under the laws of New York, with its principal place of business at 4000 Monroe Road, Charlotte, North Carolina 28205.

189.     On information and belief, Clariant is the successor in interest to the specialty chemicals business of Sandoz Chemical Corporation ("Sandoz").  On information and belief, Sandoz spun off its specialty chemicals business to form Clariant in 1995.

190.     On information and belief, Clariant supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

191.     **Defendant Nation Ford Chemical Co. ("Nation Ford")** is a corporation organized and existing under the laws of South Carolina, with its principal place of business located at 2300 Banks Street, Fort Mill, SC 29715.

192.     On information and belief, Nation Ford supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

193.     On information and belief, 3M, ChemDesign, Deepwater Chemicals, and DuPont also supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

56

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

194.    On information and belief, the Fluorochemical Defendants supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed at the Sites.

iv.    Doe Defendants 1-20

195.    Doe Defendants 1-20 are unidentified entities or persons whose names are presently unknown and whose actions, activities, omissions  (a) may have permitted, caused and/or contributed to the contamination of Plaintiff's water sources or supply wells; or (b) may be vicariously responsible for entities or persons who permitted, caused and/or contributed to the contamination of Plaintiff's water sources or supply wells;  or (c) may be successors in interest to entities or persons who permitted, caused and/or permitted , contributed to the contamination of Plaintiff's water sources or supply wells. After reasonable search and investigation to ascertain the Doe Defendants actual names, the Doe Defendants' actual identities are unknown to Plaintiff as they are not linked with any of the Defendants on any public source.

196.    The Doe Defendants 1-20 either in their own capacity or through a party they are liable for: (1) designed, manufactured, marketed, distributed, and/or sold AFFF products containing PFOS, PFOA, and/or their chemical precursors, and/or designed, manufactured, marketed, distributed, and/or sold the fluorosurfactants and/or PFCs contained in AFFF/Component Products; or (2) used, handled, transported, stored, discharged, disposed of, designed, manufactured, marketed, distributed, and/or sold PFOS, PFOA, and/or their chemical precursors, or other non-AFFF products containing PFOS, PFOA, and/or their chemical precursors; or (3) failed to timely perform necessary and reasonable response and remedial measures to releases of PFOS, PFOA, and/or their chemical precursors, or other non-AFFF

57

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

products containing PFOS, PFOA, and/or their chemical precursors in to the environment in which Plaintiff's water supplies and well exist.

197.    All Defendants, at all times material herein, acted by and through their respective agents, servants, officers and employees, actual or ostensible, who then and there were acting within the course and scope of their actual or apparent agency, authority or duties. Defendants are liable based on such activities, directly and vicariously.

198.    Defendants represent all or substantially all of the market for AFFF/Component Products at the Sites.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

### A.    PFOA and PFOS and Their Risk to Public Health

199.    PFAS are chemical compounds containing fluorine and carbon. These substances have been used for decades in the manufacture of, among other things, household and commercial products that resist heat, stains, oil, and water. These substances are not naturally occurring and must be manufactured.

200.    The two most widely studied types of these substances are PFOA and PFOS.

201.    PFOA and PFOS have unique properties that cause them to be: (i) mobile and persistent, meaning that they readily spread into the environment where they break down very slowly; (ii) bioaccumulative and biomagnifying, meaning that they tend to accumulate in organisms and up the food chain; and (iii) toxic, meaning that they pose serious health risks to humans and animals.

202.    PFOA and PFOS easily dissolve in water, and thus they are mobile and easily spread in the environment. PFOA and PFOS also readily contaminate soils and leach from the soil into groundwater, where they can travel significant distances.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Case 1:21-cv-10412-JPC   Document 4-1   Filed 12/07/21   Page 66 of 95

203.    PFOA and PFOS are characterized by the presence of multiple carbon-fluorine bonds, which are exceptionally strong and stable. As a result, PFOA and PFOS are thermally, chemically, and biologically stable. They resist degradation due to light, water, and biological processes.

204.    Bioaccumulation occurs when an organism absorbs a substance at a rate faster than the rate at which the substance is lost by metabolism and excretion. Biomagnification occurs when the concentration of a substance in the tissues of organisms increases as the substance travels up the food chain.

205.    PFOA and PFOS bioaccumulate/biomagnify in numerous ways. First, they are relatively stable once ingested, so that they bioaccumulate in individual organisms for significant periods of time. Because of this stability, any newly ingested PFOA and PFOS will be added to any PFOA and PFOS already present. In humans, PFOA and PFOS remain in the body for years.

206.    PFOA and PFOS biomagnify up the food chain. This occurs, for example, when humans eat fish that have ingested PFOA and/or PFOS.

207.    The chemical structure of PFOA and PFOS makes them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

208.    Exposure to PFAS is toxic and poses serious health risks to humans and animals.

209.    PFAS are readily absorbed after consumption or inhalation and accumulate primarily in the bloodstream, kidney, and liver.

**B.    Defendants' Manufacture and Sale of AFFF/Component Products**

210.    AFFF is a type of water-based foam that was first developed in the 1960s to extinguish hydrocarbon fuel-based fires.

211.    AFFF is a Class-B firefighting foam. It is mixed with water and used to extinguish fires that are difficult to fight, particularly those that involve petroleum or other flammable liquids.

59

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

212.     AFFF is synthetically formed by combining fluorine-free hydrocarbon foaming agents with fluorosurfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation aqueous film-forming foam.

213.     Beginning in the 1960s, the AFFF Defendants designed, manufactured, marketed, distributed, and/or sold AFFF products that used fluorosurfactants containing either PFOS, PFOA, or the chemical precursors that degrade into PFOS and PFOA.

214.     AFFF can be made without the fluorosurfactants that contain PFOA, PFOS, and/or their precursor chemicals. Fluorine-free firefighting foams, for instance, do not release PFOA, PFOS, and/or their precursor chemicals into the environment.

215.     AFFF that contains fluorosurfactants, however, is better at extinguishing hydrocarbon fuel-based fires due to their surface-tension lowering properties, essentially smothering the fire and starving it of oxygen.

216.     The fluorosurfactants used in 3M's AFFF products were manufactured by 3M's patented process of electrochemical fluorination ("ECF").

217.     The fluorosurfactants used in other AFFF products sold by the AFFF Defendants were manufactured by the Fluorosurfactant Defendants through the process of telomerization.

218.     The PFCs the Fluorosurfactant Defendants needed to manufacture those fluorosurfactants contained PFOS, PFOA, and/or their chemical precursors and were designed, manufactured, marketed, distributed and/or sold by the PFC Defendants.

219.     On information and belief, the PFC and Fluorosurfactant Defendants were aware that the PFCs and fluorosurfactants they designed, manufactured, marketed, distributed, and/or

60

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

sold would be used in the AFFF products designed, manufactured, marketed, distributed, and/or sold by the AFFF Defendants.

220.    On information and belief, the PFC and Fluorosurfactant Defendants designed, manufactured, marketed, distributed, and/or sold the PFC and/or fluorosurfactants contained in the AFFF products discharged into the environment at the Site during fire protection, training, and response activities, resulting in widespread PFAS contamination.

221.    On information and belief, the AFFF Defendants designed, manufactured, marketed, distributed, and/or sold the AFFF products discharged into the environment at the Site during fire protection, training, and response activities, resulting in widespread PFAS contamination.

### C.    Defendants' Knowledge of the Threats to Public Health and the Environment Posed by PFOS and PFOA

222.    On information and belief, by at least the 1970s 3M and DuPont knew or should have known that PFOA and PFOS are mobile and persistent, bioaccumulative and biomagnifying, and toxic.

223.    On information and belief, 3M and DuPont concealed from the public and government agencies its knowledge of the threats to public health and the environment posed by PFOA and PFOS.

224.    Some or all of the Defendants understood how stable the fluorinated surfactants used in AFFF are when released into the environment from their first sale to a customer, yet they failed to warn their customers or provide reasonable instruction on how to manage wastes generated from their products.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

i.  <u>1940s and 1950s: Early Warnings About the Persistence of AFFF</u>

225.    In 1947, 3M started its fluorochemical program, and within four years, it began selling its PFOA to DuPont. The persistence and contaminating nature of the fluorosurfactants contained in AFFF products were understood prior to their commercial application at 3M's Cottage Grove facility in Minnesota.

226.    The inventor of 3M's ECF process was J.H. Simons. Simons' 1948 patent for the ECF process reported that PFCs are "non-corrosive, and of little chemical reactivity," and "do not react with any of the metals at ordinary temperatures and react only with the more chemically reactive metals such as sodium, at elevated temperatures."[1]

227.    Simons further reported that fluorosurfactants produced by the ECF process do not react with other compounds or reagents due to the blanket of fluorine atoms surrounding the carbon skeleton of the molecule. 3M understood that the stability of the carbon-to-fluorine bonds prevented its fluorosurfactants from undergoing further chemical reactions or degrading under natural processes in the environment.[2]

228.    The thermal stability of 3M's fluorosurfactants was also understood prior to commercial production. Simons' patent application further discloses that the fluorosurfactants produced by the ECF process were thermally stable at temperatures up to 750° C (1382° F). Additional research by 3M expanded the understanding of the thermal stability of perfluorocarbon compounds.[3]

---

[1] Simons, J. H., Fluorination of Organic Compounds, U.S. Patent No. 2,447,717. August 24, 1948, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1005.pdf.

[2] Simons, J. H., 1950. Fluorocarbons and Their Production. Fluorine Chemistry, 1(12): 401-422, *available* at https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX3008.pdf.

[3] Bryce, T. J., 1950. Fluorocarbons - Their Properties and Wartime Development. Fluorine Chemistry, 1(13): 423-462.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

229. Nowhere in any Material Safety Data Sheet for any of Defendants' AFFF/Component Products is information on the thermal stability of those products disclosed. Failure to disclose knowledge of the stability of the PFCs and fluorosurfactants used in AFFF products to customers is a failure to warn just how indestructible the AFFF's ingredients are when released to unprotected water sources and even treatment plants.

ii.    1960s: AFFF's Environmental Hazards Come into Focus

230. By at least the end of the 1960s, additional research and testing performed by 3M and DuPont indicated that fluorosurfactants, including at least PFOA, because of their unique chemical structure, were resistant to environmental degradation and would persist in the environment essentially unaltered if allowed to enter the environment.

231. One 3M employee wrote in 1964: "This chemical stability also extends itself to all types of biological processes; there are no known biological organisms that are able to attack the carbon-fluorine bond in a fluorocarbon."[4] Thus, 3M knew by the mid-1960s that its surfactants were immune to chemical and biological degradation in soils and groundwater.

232. 3M also knew by 1964 that when dissolved, fluorocarbon carboxylic acids and fluorocarbon sulfonic acids dissociated to form highly stable perfluorocarboxylate and perfluorosulfonate ions. Later studies by 3M on the adsorption and mobility of FC-95 and FC-143 (the ammonium salt of PFOA) in soils indicated very high solubility and very high mobility in soils for both compounds.[5]

---

[4] Bryce, H.G., Industrial and Utilitarian Aspects of Fluorine Chemistry (1964), *available* at https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX3022.pdf.

[5] Technical Report Summary re : Adsorption of FC 95 and FC143 on Soil, Feb. 27, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1158.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

Case 1:21-cv-10412-JPC    Document 4-1    Filed 12/07/21    Page 71 of 95

RECEIVED NYSCEF: 10/21/2021

### iii. 1970s: Internal Studies Provide Evidence of Environmental and Health Risks

233.    By 1950, 3M knew that the fluorosurfactants used in its AFFF product(s) would not degrade when released to the environment, but would remain intact and persist. Two decades later—and after the establishment of a robust market of AFFFs using fluorosurfactants—3M finally got around to looking at the environmental risks that fluorosurfactants posed.

234.    An internal memo from 3M in 1971 states that "the thesis that there is 'no natural sink' for fluorocarbons obviously demands some attention."[6] Hence, 3M understood at the very least that the fluorosurfactant used in its AFFF products would, in essence, never degrade once it was released into the environment.

235.    By the mid-1970s, 3M and Ansul (and possibly other Defendants) had an intimate understanding of the persistent nature of PFCs. A 1976 study, for example, observed no biodegradation of FC-95, the potassium salt of PFOS; a result 3M characterized as "unsurprising" in light of the fact that "[b]iodegradation of FC 95 is improbable because it is completely fluorinated."[7]

236.    In 1977, Ansul authored a report titled "Environmentally Improved AFFF," which acknowledged that releasing AFFF into the environment could pose potential negative impacts to groundwater quality.[8] Ansul wrote: "The purpose of this work is to explore the development of experimental AFFF formulations that would exhibit reduced impact on the environment while retaining certain fire suppression characteristic . . . improvements [to AFFF formulations] are

---

[6] Memorandum from H.G. Bryce to R.M. Adams re : Ecological Aspects of Fluorocarbons, Sept. 13, 1971, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1088.pdf.

[7] Technical Report Summary, August 12, 1976 [3MA01252037].

[8] Ansul Co., Final Report: Environmentally Improved AFFF, N00173-76-C-0295, Marinette, WI, Dec. 13, 1977, *available at* https://apps.dtic.mil/dtic/tr/fulltext/u2/a050508.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

desired in the environmental area, i.e., development of compositions that have a reduced impact on the environment without loss of fire suppression effectiveness." Thus, Ansul knew by the mid-1970s that the environmental impact of AFFF needed to be reduced, yet there is no evidence that Ansul (or any other Defendant) ever pursued initiatives to do so.

237.    A 1978 3M biodegradation study likewise reported that an "extensive study strongly suggest[ed]" one of its PFCs is "likely to persist in the environment for extended period unaltered by metabolic attack."[9] A year later, a 3M study reported that one of its fluorosurfactants "was found to be completely resistant to biological test conditions," and that it appeared waterways were the fluorosurfactant's "environmental sink."[10]

238.    In 1979, 3M also completed a comprehensive biodegradation and toxicity study covering investigations between 1975 and 1978.[11] More than a decade after 3M began selling AFFF containing fluorosurfactants it wrote: "there has been a general lack of knowledge relative to the environmental impact of these chemicals." The report ominously asked, "If these materials are not biodegradable, what is their fate in the environment?"

239.    During the 1970s, 3M also learned that the fluorosurfactants used in AFFF accumulated in the human body and were "even more toxic" than previously believed.

240.    In 1975, 3M learns that PFAS was present in the blood of the general population.[12] Since PFOA and PFOS are not naturally occurring, this finding should have alerted 3M to the

---

[9] Technical Report Summary re : Fate of Fluorochemicals in the Environment, Biodegradation Studies of Fluorocarbons - II, Jan. 1, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1153.pdf.

[10] Technical Report Summary re : Fate of Fluorochemicals in the Environment, Biodegradation Studies of Fluorocarbons - III, July 19, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1179.pdf.

[11] Technical Report Summary, Final Comprehensive Report on FM 3422, Feb. 2, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX2563.pdf.

[12] Memorandum from G.H. Crawford to L.C. Krogh et al. re: Fluorocarbons in Human Blood Plasma, Aug. 20, 1975, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1118.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/21/2021

Case 1:21-cv-10412-JPC   Document 4-1   Filed 12/07/21   Page 73 of 95

possibility that their products were a source of this PFOS. The finding also should have alerted 3M to the possibility that PFOS might be mobile, persistent, bioaccumulative, and biomagnifying, as those characteristics could explain how PFOS from 3M's products ended up in human blood.

241.    In 1976, 3M found PFAS in the blood of its workers at levels "up to 1000 times 'normal' amounts of organically bound fluorine in their blood."[13] This finding should have alerted 3M to the same issues raised by the prior year's findings.

242.    Studies by 3M in 1978 showed that PFOA reduced the survival rate of fathead minnow fish eggs,[14] that PFOS was toxic to monkeys,[15] and that PFOS and PFOA were toxic to rats.[16] In the study involving monkeys and PFOS, all of the monkeys died within days of ingesting food contaminated with PFOS.

243.    In 1979, 3M and DuPont discussed 3M's discovery of PFOA in the blood of its workers and came to the same conclusion that there was "no reason" to notify the EPA of the finding.[17]

iv.    1980s and 1990s: Evidence of AFFF's Health Risks Continues to Mount

244.    By at least the end of the 1980s, additional research and testing performed by Defendants, including at least 3M and DuPont, indicated that elevated incidence of certain cancers

---

[13]    3M Chronology – Fluorochemicals in Blood, Aug. 26, 1977, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1144.pdf.

[14]    The Effects of Continuous Aqueous Exposure to 78.03 on Hatchability of Eggs and Growth and Survival of Fry of Fathead Minnow, June 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1176.pdf.

[15]    Ninety-Day Subacute Rhesus Monkey Toxicity Study, Dec. 18, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1191.pdf; Aborted FC95 Monkey Study, Jan. 2, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1193.pdf.

[16]    Acute Oral Toxicity (LD$_{50}$) Study in Rats (FC-143), May 5, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1170.pdf; FC-95, FC-143 and FM-3422 – 90 Day Subacute Toxicity Studies Conducted at IRDC – Review of Final Reports and Summary, Mar. 20, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1199.pdf.

[17]    Memorandum from R.A. Prokop to J.D. Lazerte re: Disclosure of Information on Levels of Fluorochemicals in Blood, July 26, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX2723.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 10/21/2021

Case 1:21-cv-10412-JPC   Document 4-1   Filed 12/07/21   Page 74 of 95

and other adverse health effects, including elevated liver enzymes and birth defects, had been observed among workers exposed to such materials, including at least PFOA, but such data was not published, provided to governmental entities as required by law, or otherwise publicly disclosed at the time.

245.    In 1981, DuPont tested for and found PFOA in the blood of female plant workers Parkersburg, West Virginia. DuPont observed and documented pregnancy outcomes in exposed workers, finding two of seven children born to female plant workers between 1979 and 1981 had birth defects—one an "unconfirmed" eye and tear duct defect, and one a nostril and eye defect.[18]

246.    In 1983, 3M researchers concluded that concerns about PFAS "give rise to concern for environmental safety," including "legitimate questions about the persistence, accumulation potential, and ecotoxicity of fluorochemicals in the environment."[19] That same year, 3M completed a study finding that PFOS caused the growth of cancerous tumors in rats.[20] This finding was later shared with DuPont and led them to consider whether "they may be obliged under their policy to call FC-143 a carcinogen in animals."[21]

247.    In 1984, 3M documented a trend of increasing levels of PFOS in the bodies of 3M workers, leading one of the company's medical officers to warn in an internal memo: "we must view this present trend with serious concern. It is certainly possible that . . . exposure opportunities

---

[18] C-8 Blood Sampling Results, *available at* http://tiny.cc/v8z1mz.

[19] 3M Environmental Laboratory (EE & PC), Fate of Fluorochemicals - Phase II, May 20, 1983, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1284.pdf.

[20] Two Year Oral (Diet) Toxicity/Carcinogenicity Study of Fluorochemical FC-143 in Rats, Volume 1 of 4, Aug. 29, 1987, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1337.pdf.

[21] Memorandum from R.G. Perkins to F.D. Griffith re: Summary of the Review of the FC-143 Two-Year Feeder Study Report to be presented at the January 7, 1988 meeting with DuPont, January 5, 1988, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1343.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

are providing a potential uptake of fluorochemicals that exceeds excretion capabilities of the body."[22]

248.     A 1997 material safety data sheet ("MSDS") for a non-AFFF product made by 3M listed its only ingredients as water, PFOA, and other perfluoroalkyl substances and warned that the product includes "a chemical which can cause cancer." The MSDS cited "1983 and 1993 studies conducted jointly by 3M and DuPont" as support for this statement. On information and belief, the MSDS for 3M's AFFF products did not provide similar warnings or information.

### v.     Defendants Hid What They Knew from the Government and the Public.

249.     Federal law requires chemical manufacturers and distributors to immediately notify the EPA if they have information that "reasonably supports the conclusion that such substance or mixture presents a substantial risk of injury to health or the environment." Toxic Substances Control Act ("TSCA") § 8(e), 15 U.S.C. § 2607(e)

250.     In April 2006, 3M agreed to pay EPA a penalty of more than $1.5 million after being cited for 244 violations of the TSCA, which included violations for failing to disclose studies regarding PFOS, PFOA, and other PFCs dating back decades.

251.     Likewise, in December 2005, the EPA announced it was imposing the "Largest Environmental Administrative Penalty in Agency History" against DuPont based on evidence that it violated the TSCA by concealing the environmental and health effects of PFOA.

252.     On information and belief, Defendants knew or should have known that AFFF containing PFOA or PFOS would very likely injure and/or threaten public health and the environment, even when used as intended or directed.

---

[22] Memorandum from D.E. Roach to P.F. Riehle re: Organic Fluorine Levels, Aug. 31, 1984, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1313.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

253.    Defendants failed to warn of these risks to the environment and public health, including the impact of their AFFF/Component Products on the quality of unprotected water sources.

254.    Defendants were all sophisticated and knowledgeable in the art and science of designing, formulating, and manufacturing AFFF/Component Products. They understood far more about the properties of their AFFF/Component Products—including the potential hazards they posed to human health and the environment—than any of their customers. Still, Defendants declined to use their sophistication and knowledge to design safer products.

**D.    The Impact of PFOS and PFOA on the Environment and Human Health Is Finally Revealed**

255.    As discussed above, neither 3M, DuPont, nor, on information and belief, any other Defendant complied with their obligations to notify EPA about the "substantial risk of injury to health or the environment" posed by their AFFF/Component Products. *See* TSCA § 8(e).

256.    Despite decades of research, 3M first shared its concerns with EPA in the late 1990s. In a May 1998 report submitted to EPA, "3M chose to report simply that PFOS had been found in the blood of animals, which is true but omits the most significant information," according to a former 3M employee.[23]

257.    On information and belief, 3M began in 2000 to phase out its production of products that contained PFOS and PFOA in response to pressure from the EPA.

258.    Once the truth about PFOS and PFOA was revealed, researchers began to study the environmental and health effects associated with them, including a "C8 Science Panel" formed out

---

[23]    Letter     from     R.     Purdy,     Mar.     28,     1999,     *available     at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1001.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

of a class action settlement arising from contamination from DuPont's Washington Works located in Wood County, West Virginia.

259. The C8 panel consisted of three epidemiologists specifically tasked with determining whether there was a probable link between PFOA exposure and human diseases. In 2012, the panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy-induced hypertension (including preeclampsia), and hypercholesterolemia.

260. Human health effects associated with PFOS exposure include immune system effects, changes in liver enzymes and thyroid hormones, low birth weight, high uric acid, and high cholesterol. In laboratory testing on animals, PFOA and PFOS have caused the growth of tumors, changed hormone levels, and affected the function of the liver, thyroid, pancreas, and immune system.

261. The injuries caused by PFAS can arise months or years after exposure.

262. Even after the C8 Science Panel publicly announced that human exposure to 50 parts per trillion, or more, of PFOA in drinking water for one year or longer had "probable links" with certain human diseases, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, preeclampsia, and medically-diagnosed high cholesterol, Defendants repeatedly assured and represented to governmental entities, their customers, and the public (and continue to do so) that the presence of PFOA in human blood at the levels found within the United States presents no risk of harm and is of no legal, toxicological, or medical significance of any kind.

263. Furthermore, Defendants have represented to and assured such governmental entities, their customers, and the public (and continue to do so) that the work of the independent

70

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

C8 Science Panel was inadequate to satisfy the standards of Defendants to prove such adverse effects upon and/or any risk to humans with respect to PFOA in human blood.

264.    At all relevant times, Defendants, through their acts and/or omissions, controlled, minimized, trivialized, manipulated, and/or otherwise influenced the information that was published in peer-review journals, released by any governmental entity, and/or otherwise made available to the public relating to PFAS in human blood and any alleged adverse impacts and/or risks associated therewith, effectively preventing the public from discovering the existence and extent of any injuries/harm as alleged herein.

265.    On May 2, 2012, the EPA published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty contaminants of concern between 2013 and 2015, including PFOS and PFOA.[24]

266.    In the May 2015 "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFAS's)," scientists and other professionals from a variety of disciplines, concerned about the production and release into the environment of PFOA, called for greater regulation, restrictions, limits on the manufacture and handling of any PFOA containing product, and to develop safe non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.[25]

267.    On May 25, 2016, the EPA released a lifetime health advisory (HAs) and health effects support documents for PFOS and PFOA.[26] *See* Fed. Register, Vol. 81, No. 101, May 25,

---

[24] *Revisions to the Unregulated Contaminant Monitoring Regulation (UCMR 3) for Public Water Systems*, 77 Fed. Reg: 26072 (May 2, 2012).

[25] Blum A, Balan SA, Scheringer M, Trier X, Goldenman G, Cousins IT, Diamond M, Fletcher T, Higgins C, Lindeman AE, Peaslee G, de Voogt P, Wang Z, Weber R. 2015. The Madrid statement on poly- and perfluoroalkyl substances (PFASs). Environ Health Perspect 123:A107–A111; http://dx.doi.org/10.1289/ehp.1509934.

[26] *See* Fed. Register, Vol. 81, No. 101, May 25, 2016, Lifetime Health Advisories and Health Effects Support Documents for Perfluorooctanoic Acid and Perfluorooctane Sulfonate.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

2016. The EPA developed the HAs to assist governmental officials in protecting public health when PFOS and PFOA are present in drinking water. The EPA HAs identified the concentration of PFOS and PFOA in drinking water at or below which adverse health effects are not anticipated to occur over a lifetime of exposure at 0.07 ppb or 70 ppt. The HAs were based on peer-reviewed studies of the effects of PFOS and PFOA on laboratory animals (rats and mice) and were also informed by epidemiological studies of human populations exposed to PFOS. These studies indicate that exposure to PFOS and PFOA over these levels may result in adverse health effects, including:

    a.    Developmental effects to fetuses during pregnancy or to breastfed infants (e.g., low birth weight, accelerated puberty, skeletal variations);

    b.    Cancer (testicular and kidney);

    c.    Liver effects (tissue damage);

    d.    Immune effects (e.g., antibody production and immunity);

    e.    Thyroid disease and other effects (e.g., cholesterol changes).

268.    In addition, PFOS and PFOA are hazardous materials because they pose a "present or potential threat to human health."[27]

269.    In 2016, the National Toxicology Program of the United States Department of Health and Human Services ("NTP") and the International Agency for Research on Cancer ("IARC") both released extensive analyses of the expanding body of research regarding the adverse effects of PFCs. The NTP concluded that both PFOA and PFOS are "presumed to be an immune hazard to humans" based on a "consistent pattern of findings" of adverse immune effects

---

[27] *Id.*; *see also National Ass'n for Surface Finishing v. EPA*, 795 F.3d 1, 3, 6 (D.C. Cir. 2015) (referring to PFOS as a "toxic compound" and a "hazardous chemical.").

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

in human (epidemiology) studies and "high confidence" that PFOA and PFOS exposure was associated with suppression of immune responses in animal (toxicology) studies.[28]

270.    IARC similarly concluded that there is "evidence" of "the carcinogenicity of . . . PFOA" in humans and in experimental animals, meaning that "[a] positive association has been observed between exposure to the agent and cancer for which a causal interpretation is . . . credible."[29]

271.    California has listed PFOA and PFOS to its Proposition 65 list as a chemical known to cause reproductive toxicity under the Safe Drinking Water and Toxic Enforcement Act of 1986.[30]

272.    The United States Senate and House of Representatives passed the National Defense Authorization Act in November 2017, which included $42 Million to remediate PFC contamination from military bases, as well as devoting $7 Million toward the Investing in Testing Act, which authorizes the Center for Disease Control and Prevention ("CDC") to conduct a study into the long-term health effects of PFOA and PFOS exposure.[31] The legislation also required that the Department of Defense submit a report on the status of developing a new military specification for AFFF that did not contain PFOS or PFOA.[32]

---

[28] See U.S. Dep't of Health and Human Services, Nat'l Toxicology Program, *NTP Monograph: Immunotoxicity Associated with Exposure to Perfluorooctanoic Acid or Perfluorooctane Sulfonate* (Sept. 2016), at 1, 17, 19, *available at* https://ntp.niehs.nih.gov/ntp/ohat/pfoa_pfos/pfoa_pfosmonograph_508.pdf

[29] See Int'l Agency for Research on Cancer, IARC Monographs: *Some Chemicals Used as Solvents and in Polymer Manufacture* (Dec. 2016), at 27, 97, *available at* http://monographs.iarc.fr/ENG/Monographs/vol110/mono110.pdf.

[30] California Office of Environmental Health Hazard Assessment, *Chemicals Listed Effective Nov. 10, 2017 as Known to the State of California to Cause Reproductive Toxicity: Perfluorooctanoic Acid (PFOA) and Perfluorooctane Sulfonate (PFOS)*, Nov. 9, 2017, *available at* https://oehha.ca.gov/proposition-65/crnr/chemicals-listed-effective-november-10-2017-known-state-california-cause.

[31] National Defense Authorization Act for Fiscal Year 2018, H.R. 2810, 115th Congress (2017), *available at* https://www.congress.gov/115/plaws/publ91/PLAW-115publ91.pdf.

[32] *Id.*; see also U.S. Department of Defense, *Alternatives to Aqueous Film Forming Foam Report to Congress*, June 2018, *available at* https://www.denix.osd.mil/derp/home/documents/alternatives-to-aqueous-film-forming-

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

273.    In June 2018, the Agency for Toxic Substances and Disease Registry ("ATSDR") and EPA released a draft toxicological profile for PFOS and PFOA and recommended the drinking water advisory levels be lowered to 11 ppt for PFOA and 7 ppt for PFOS.[33]

274.    On February 20, 2020, the EPA announced a proposed decision to regulate PFOA and PFOS under the Safe Drinking Water Act, which the agency characterized as a "key milestone" in its efforts to "help communities address per- and polyfluoroalkyl substances (PFAS) nationwide."[34] Following a public comment period on its proposed decision, the EPA will decide whether to move forward with the process of establishing a national primary drinking water regulation for PFOA and PFOS.

**E.    AFFF Containing PFOS and PFOA Is Fungible and Commingled in the Groundwater**

275.    AFFF containing PFOS and/or PFOA, once it has been released to the environment, lacks characteristics that would enable identification of the company that manufactured that particular batch of AFFF or chemical feedstock.

276.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF and chemical feedstock coming from different manufacturers.

277.    Because precise identification of the specific manufacturer of any given AFFF/Component Product that was a source of the PFAS found at Reese Air Force Base, during fire protection, training, and response activities, resulting in widespread PFAS contamination is

---

foam-report-to-congress/.

[33] ATSDR, *Toxicological Profile for Perfluoroalkyls: Draft for Public Comment* (June 2018), *available at* https://www.atsdr.cdc.gov/toxprofiles/tp200.pdf.

[34] Press Release, *EPA Announces Proposed Decision to Regulate PFOA and PFOS in Drinking Water*, Feb. 20, 2020, *available at* https://www.epa.gov/newsreleases/epa-announces-proposed-decision-regulate-pfoa-and-pfos-drinking-water.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case 1:21-cv-10412-JPC   Document 4-1   Filed 12/07/21   Page 82 of 95

nearly impossible, given certain exceptions, Plaintiffs must pursue all Defendants, jointly and severally.

278.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOS and PFOA, to profit from the use of AFFF/Component Products containing PFOS and PFOA, at Plaintiffs' expense, and to attempt to avoid liability.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, AND ENTERPRISE LIABILITY

279.    Defendants in this action are manufacturers that control a substantial share of the market for AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors in the United States and are jointly responsible for the contamination of the groundwater at the Site, affecting groundwater sources within the vicinity of the base. Market share liability attaches to all Defendants and the liability of each should be assigned according to its percentage of the market for AFFF/Component Products at issue in this Complaint.

280.    Because PFAS is fungible, it is impossible to identify the exact Defendant who manufactured any given AFFF/Component Product containing PFOS, PFOA, and/or their chemical precursors found free in the air, soil or groundwater, and each of these Defendants participated in a territory-wide and U.S. national market for AFFF/Component Products during the relevant time.

281.    Concert of action liability attaches to all Defendants, each of which participated in a common plan to commit the torts alleged herein and each of which acted tortuously in pursuance of the common plan to knowingly manufacture and sell inherently dangerous AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors.

282.    Enterprise liability attaches to all the named Defendants for casting defective products into the stream of commerce.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

## **CONSPIRACY**

283.    Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

284.    Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose of providing information about AFFF/Component Products containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

a.    Creating a market for AFFF/Component Products containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

b.    Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

c.    Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

285.    Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

a.    Intentionally representing to the DOD, USAF, USEPA and the public that AFFF/Component Products containing PFOA and PFOS were safe and did not pose an environmental or human health risk;

b.    Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

c.  Concealing the dangers of AFFF/Component Products containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

d.  Using their considerable resources to fight PFOA and PFOS regulation; and

e.  Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF/Component Products containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

286.    As a direct and proximate result of the Defendants' above-described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

a.  Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

b.  Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

c.  Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

## CAUSES OF ACTION

## COUNT 1:
## DEFECTIVE DESIGN

287.    Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

288.    As manufacturers of AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors, Defendants owed a duty to all persons whom its products might foreseeably harm, including Plaintiffs, and not to market any product which is unreasonably dangerous in design for its reasonably anticipated used.

289.    Defendants' AFFF/Component Products were unreasonably dangerous for its reasonably anticipated uses for the following reasons:

   a.   PFAS causes extensive groundwater contamination, even when used in its foreseeable and intended manner;

   b.   Even at extremely low levels, PFAS render drinking water unfit for consumption;

   c.   PFAS poses significant threats to public health; and

   d.   PFAS create real and potential environmental damage.

290.    Defendants knew of these risks and failed to use reasonable care in the design of their AFFF/Component Products.

291.    AFFF containing PFOS, PFOA, and/or their chemical precursors poses a greater danger to the environment and to human health than would be expected by ordinary persons such as Plaintiffs.

292.    At all times, Defendants were capable of making AFFF/Component Products that did not contain PFOS, PFOA, and/or their chemical precursors. Thus, reasonable alternative designs existed which were capable of preventing Plaintiffs' injuries.

78

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1     Case 1:21-cv-10412-JPC    Document 4-1    Filed 12/07/21    Page 86 of 95     RECEIVED NYSCEF: 10/21/2021

293.    The risks posed by AFFF containing PFOS, PFOA, and/or their chemical precursors far outweigh the products' utility as a flame-control product.

294.    The likelihood that Defendants' AFFF/Component Products would be spilled, discharged, disposed of, or released into the environment and Plaintiffs' water well has been, and continues to be, contaminated with PFAS in varying amounts over time, causing Plaintiffs significant injuries and damages that far outweighed any burden on Defendants to adopt an alternative design, and outweighed the adverse effect, if any, of such alternative design on the utility of the product.

295.    As a direct and proximate result of Defendants' unreasonably dangerous design, manufacture, and sale of AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors, Plaintiffs' water supply has been, and continues to be, contaminated with PFAS in varying amounts over time, causing Plaintiffs significant injuries and damages.

296.    Defendants knew that it was substantially certain that their acts and omissions described above would contaminate Plaintiffs' water supply with PFAS in varying amounts over time, causing Plaintiffs significant injuries and damages. Contamination that led to the exposure of Plaintiffs' to toxins and increased their risk of numerous diseases. Defendants committed each of the above-described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or reckless disregard for Plaintiffs' health and safety, and/or property rights.

## COUNT 2:
## FAILURE TO WARN

297.    Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

298.     As manufacturers of AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors, Defendants had a duty to provide adequate warnings of the risks of these products to all persons whom its product might foreseeably harm, including Plaintiffs.

299.     Defendants' AFFF/Component Products were unreasonably dangerous for its reasonably anticipated uses for the following reasons:

    a.  PFAS causes extensive groundwater contamination, even when used in its foreseeable and intended manner;

    b.  Even at extremely low levels, PFAS render drinking water unfit for consumption;

    c.  PFAS poses significant threats to public health; and

    d.  PFAS create real and potential environmental damage.

300.     Defendants knew of the health and environmental risks associated with their AFFF/Component Products and failed to provide a warning that would lead an ordinary reasonable user or handler of a product to contemplate the dangers associated with their products or an instruction that would have avoided Plaintiffs' injuries.

301.     Despite Defendants' knowledge of the environmental and human health hazards associated with the use and/or disposal of their AFFF/Component Products in the vicinity of drinking water supplies, including PFAS contamination of the drinking supplies, Defendants failed to issue any warnings, instructions, recalls, or advice regarding their AFFF/Component Products to Plaintiff, governmental agencies or the public.

302.     As a direct and proximate result of Defendants' failure to warn, Plaintiffs' water supply has been, and continues to be, contaminated with PFAS in varying amounts over time, causing Plaintiffs significant injuries and damages. Further, this contamination led to the exposure

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

of Plaintiffs to toxins and increased their probabilities of numerous diseases as more fully set forth above.

303.    Defendants knew that it was substantially certain that their acts and omissions described above would contaminate Plaintiffs water supply with PFAS in varying amount, causing Plaintiffs significant injuries and damages. Defendants committed each of the above-described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or reckless disregard for Plaintiffs' health and safety, and/or property rights.

## COUNT 3:
## NEGLIGENCE

304.    Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

305.    As manufacturers of AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors, Defendants owed a duty to Plaintiffs and to all persons whom its products might foreseeably harm and to exercise due care in the formulation, manufacture, sale, labeling, warning, and use of PFAS-containing AFFF.

306.    Defendants owed a duty to Plaintiffs to act reasonably and not place inherently dangerous AFFF/Component Products into the marketplace when its release into the air, soil, and water was imminent and certain.

307.    Defendants knew or should have known that PFAS were leaching from AFFF used for fire protection, training, and response activities.

308.    Defendants knew or should have known that PFAS are highly soluble in water, highly mobile, extremely persistent in the environment, and high likely to contaminate water supplies if released into the environment.

81

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/21/2021

Case 1:21-cv-10412-JPC    Document 4-1    Filed 12/07/21    Page 89 of 95

309.    Defendants knew or should have known that the manner in which they were designing, manufacturing, marketing, distributing, and selling their AFFF/Component Products would result in contamination of Plaintiffs' water supply with PFAS in varying amounts over time, causing Plaintiffs significant injuries and damages.

310.    Despite the fact that Defendants knew or should have known that PFAS are toxic, can contaminate water resources and are carcinogenic, Defendants negligently:

a.    designed, manufactured, formulated, handled, labeled, instructed, controlled, marketed, promoted, and/or sold AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors;

b.    issued deficient instructions on how their AFFF/Component Products should be used and disposed of, thereby permitting PFAS to contaminate the groundwater in and around the Site;

c.    failed to recall and/or warn the users of their AFFF/Component Products of the dangers of groundwater contamination as a result of standard use and disposal of their products;

d.    failed and refused to issue the appropriate warning and/or recalls to the users of their AFFF/Component Products; and

e.    failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

311.    The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to a burden to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF/Component Products.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

312.   As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF/Component Products, and to take steps to eliminate, correct, or remedy any contamination they caused.

313.   As a direct and proximate result of Defendants' negligence, Plaintiffs' water supply has been contaminated with PFAS, in varying amounts of time, causing Plaintiffs significant injuries and damages.

314.   Defendants knew that it was substantially certain that their acts and omissions described above would cause Plaintiffs' water supply to be contaminated with PFAS in varying amounts over time, causing Plaintiffs significant injuries and damages. Defendants committed each of the above-described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or reckless disregard for Plaintiffs' health and safety, and/or property rights.

**COUNT 4:**
**TRESPASS**

315.   Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

316.   Plaintiffs are the owners, operators, and actual possessors of real property as defined herein.

317.   Defendants designed, manufactured, distributed, marketed, and sold AFFF/Component Products with the actual knowledge and/or substantial certainty that AFFF containing PFOS, PFOA, and/or their chemical precursors would, through normal use, release PFAS that would migrate into groundwater, causing contamination.

83

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)      INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1    Case 1:21-cv-10412-JPC    Document 4-1    Filed 12/07/21    Page 91 of 95    RECEIVED NYSCEF: 10/21/2021

318.     Defendants negligently, recklessly, and/or intentionally designed, manufactured, distributed, marketed, and sold AFFF/Component Products in a manner that caused PFAS to contaminate Plaintiffs' property.

319.     As a direct and proximate result of Defendants' trespass, Plaintiffs have suffered and continues to suffer property damage requiring investigation, remediation, and monitoring costs.

320.     Defendants knew that it was substantially certain that their acts and omissions described above would threaten public health and cause extensive contamination of property, including groundwater collected for drinking. Defendants committed each of the above-described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or reckless disregard for the health and safety of others, and for Plaintiffs' property rights.

### COUNT 5:
### ACTUAL FRAUDULENT TRANSFER (DuPont and Chemours Co.)

321.     Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

322.     Through their effectuation of the Spinoff, Chemours Co. and DuPont (the "Fraudulent Transfer Defendants") caused Chemours Co. to transfer valuable assets to DuPont, including but not limited to the $3.9 billion dividend (the "Transfers"), while simultaneously assuming significant liabilities (the "Assumed Liabilities").

323.     The Transfers and Assumed Liabilities were made for the benefit of DuPont.

324.     At the time that the Transfers were made and the Liabilities were assumed, and until the Spinoff was complete, DuPont was in a position to, and in fact did, control and dominate Chemours Co.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

325.     The Fraudulent Transfer Defendants made the Transfers and incurred the Assumed

Liabilities with the actual intent to hinder, delay, and defraud the creditors or future creditors of

Chemours Co.

326.     Plaintiffs have been harmed as a result of the conduct of the Fraudulent Transfer

Defendants.

327.     Plaintiffs are entitled to avoid the Transfers and to recover property or value

transferred to DuPont.

## COUNT 6:
## CONSTRUCTIVE FRAUDULENT TRANSFER (DuPont and Chemours Co.)

328.     Plaintiffs adopt, reallege, and incorporate the allegations in the preceding

paragraphs and further alleges the following:

329.     Chemours Co. did not receive reasonably equivalent value from DuPont in exchange

for the Transfers and Assumed Liabilities.

330.     Each of the Transfers and the assumption of the Assumed Liabilities by Chemours

Co. was made to or for the benefit of DuPont.

331.     At the time that the Transfers were made, and the Assumed Liabilities were assumed,

and until the Spinoff was complete, DuPont was in a position to, and in fact did, control and dominate

Chemours Co.

332.     The Fraudulent Transfer Defendants made the Transfers and assumed the Assumed

Liabilities when Chemours Co. was engaged or about to be engaged in a business for which its

remaining assets were unreasonably small in relation to its business.

333.     Chemours Co. was insolvent or in contemplation of insolvency at the time of the

Transfers or became insolvent as a result of the Transfers and its assumption of the Assumed

Liabilities.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

334.    At the time that the Transfers were made and Chemours Co. assumed the Assumed Liabilities, the Fraudulent Transfer Defendants intended to incur, or believed or reasonably should have believed, that Chemours Co. would incur debts beyond its ability to pay as they became due.

335.    Plaintiffs have been harmed as a result of the Transfers.

336.    Plaintiffs are entitled to avoid the Transfers and to recover property or value transferred to DuPont.

## COUNT 6:
## PUNITIVE DAMAGES

337.    Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

338.    Defendants engaged in willful, wanton, malicious, and/or reckless conduct that caused the foregoing damage upon Plaintiff, disregarding their protected rights.

339.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure PFAS would not be released into the environment and inevitably to Plaintiffs' water supply which was contaminated and continues to be contaminated with PFAS in varying amounts over time, causing Plaintiffs significant injury and damage.

340.    Defendants have caused great harm to Plaintiff, acting with implied malice and an outrageously conscious disregard for Plaintiffs' rights and safety, such that the imposition of punitive damages is warranted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                        RECEIVED NYSCEF: 10/21/2021

Case 1:21-cv-10412-JPC    Document 4-1    Filed 12/07/21    Page 94 of 95

a.  a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety of Plaintiffs;

b.  an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

c.  an order for an award of attorney fees and costs, as provided by law;

d.  pre-judgment and post-judgment interest as provided by law;

e.  compensatory damages according to proof including, but not limited to:

    i.   costs and expenses related to the past, present, and future investigation, sampling, testing, and assessment of the extent of PFAS contamination at Plaintiffs' water source;

    ii.  costs and expenses related to past, present, and future treatment and remediation of PFAS contamination at Plaintiffs' water source; and

    iii. costs and expenses related to past, present, and future installation and maintenance of filtration systems to assess and evaluate PFAS at Plaintiffs' water source;

f.  an order barring the transfer of DuPont's liabilities for the claims brought in this Complaint;

g.  an award of punitive damages in an amount sufficient to deter Defendants' similar wrongful conduct in the future;

h.  an award of consequential damages;

i.  an order for an award of attorney fees and costs, as provided by law;

j.  an award of pre-judgment and post-judgment interest as provided by law; and

k.  an order for all such other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable as a matter of right.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

DATED this 21st  day of October 2021.

Respectfully submitted,

**NAPOLI SHKOLNIK**

By: /s/ Patrick J. Lanciotti
Patrick J. Lanciotti
Andrew W. Croner
360 Lexington Avenue, 11th Fl.
New York, New York 10017
(212) 397-1000
planciotti@napolilaw.com
acroner@napolilaw.com


Paul J. Napoli
270 Munoz Rivera Avenue, Suite 201, Hato Rey,
Puerto Rico 00918
(833) 271-4502
pnapoli@nsprlaw.com

88

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.